ABNER SUTTON, plaintiff in error, vs. DUNCAN McLOUD, defendant in error.

[1.] Copy grants are not admissible in evidence, until an excuse has been rendered for not producing the original grants, which excuse must consist, in a compliance with the rule of Court, or, with the rule of the common law.

[2.] A Sheriff's deed is admissible as color of title, even in the absence of the *fi. fa.*

Complaint for land, in Emanuel Superior Court. Tried before Judge HOLT, at September Term, 1858.

This was complaint for the recovery of a tract of land in Emanuel county.

The plaintiff, Abner Sutton, on the trial, introduced in evidence a grant from the State of Georgia to John Kersey, for the land in controversy, issued and dated in 1845; then a deed of conveyance of the premises from Kersey to plaintiff; proved that defendant was in possession at the commencement of the suit, and closed.

Defendant, in reply, offered in evidence two copy grants

from the State of Georgia to Isaac Perry, of the land in dispute, dated in 1795.    Plaintiff objected to the admission of these copies until the originals had been accounted for.    To lay a foundation for the introduction of the copy grants, defendant proved by his own oath, that he had never seen the originals; that he got his brother, Neel McLoud, to search for them.    Then proved by Neel McLoud, that he had made search, and enquired of Joseph Perry, of Burke county, for them, who stated that he had had them, but had lost them, with many other land papers, and thinks he said, they were burnt, but referred him to Crawford Perry, who might know something about them; that on enquiry of Crawford, he did not have them, but referred him to A. T. Lawson, who had had some connection with Perry's estate; on enquiring of Lawson he knew nothing of them.

*Cross-Examined.*—Said he did not know whether the Perrys, of whom the inquiries had been made, were of kin or related to Isaac Perry, but the land had been sold as the property of Jas. Perry, by the Sheriff of Emanuel county.

The copies offered were duly certified copy grants.    The Court admitted in evidence the copy grants, and plaintiff excepted.

Plaintiff proved that the lands had been known as the Perry lands for sixty years, and that defendant had built a house, not on the premises in dispute, but on another part of the Perry lands, in the year 1851, and has continued there since.

Defendant then offered in evidence two deeds made by the Sheriff of Emanuel county to defendant, dated 3d day of August, 1847, which covered the premises in dispute, and sold under execution against James Perry.

To the introduction of these deeds plaintiff objected, unless the executions under which the land was sold were produced, and further, because defendant had not proven a possession of seven years, which was necessary in order to lay

a foundation for the introduction of the deeds as color of title; and further, because the deeds showed that the land was sold as *Joseph Perry's*. The objection was overruled and the deeds received, and plaintiff excepted.

Defendant next offered a deed from the executors of one Attaway to Neel McLoud, dated 15th April, 1854, and a deed from Neel McLoud to defendant, dated 20th May, 1854, conveying the land in dispute as color of title. To the admission of these deeds in evidence plaintiff objected, because no possession by defendant had been proven, and that the will of Attaway ought to be produced, or a properly certified copy, to show that his executors had authority to make the sale, and because there was no conveyance proven from Perry to Attaway. The Court admitted the deeds, and plaintiff excepted.

Defendant then proved by E. Durden, that he, while Sheriff, sold the Perry land in 1847, to defendant, under executions against Joseph Perry, and delivered to him the deed as possession, but did not put him into possession, but authorized him to take possession; not long thereafter, saw him in possession. On cross-examination, said that he knew nothing about the time that he did go into possession.

After argument, the Judge charged the jury, that to recover in ejectment, plaintiff must show good title in himself; that the peaceable possession of a defendant can only be disturbed by such a title. In this case, the plaintiff having shown a grant from the State to Kersey, and a deed from Kersey to himself, his title is good, unless the jury find that the State had previously granted the land to another; in which event, the grant to Kersey was only good as color of title. But though the grant to Kersey should be void, as *title*, by reason of a former grant of the same land, yet if plaintiff and Kersey have been in possession seven years, under that grant, such possession would constitute a good title, though the grant itself be void as title, and under such possessory title plaintiff may recover.

He further charged, that the same rules and principles applied to defendant and his deed, as he had laid down in reference to plaintiff, and that the case mainly turned upon the question of possession, which was a question for them, the jury.    To which charge plaintiff excepted.

The jury found for defendant, and plaintiff excepted, and assigns as error the several rulings, decisions and charges above excepted to.

W. B. GAULDEN, for plaintiff in error.

JNO. T. SHEWMAKE; and C. J. JENKINS, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

Was the Court right in admitting the copy grants, in evidence. ?

[1.] The copy grants being secondary evidence, were not admissible, until a proper excuse had been made, for not offering the original grants.

A proper excuse would have been, to show a compliance with the rule of Court, or with the rule of the common law, on the subject.

The rule of Court is, that " whenever a party wishes to introduce the copy of a grant, in evidence, the oath of the party, stating that the original is not in his power or possession, and that he knows not where it is, shall be sufficient foundation for the introduction of such copy." *2 Kel.* 476.

This rule was not complied with.    The defendant, though present in Court, and swearing to make out his excuse, would not, or, at least, did not, swear, that the originals were not in his power, and, that he did not know where they were. All he swore to was, that he had never seen the originals. His shortcoming in this respect, is calculated to make the impression, that the originals were in his power, or, that he knew where they were.

VOL. XXVI.—41

The rule of the common law, is, that secondary evidence of a writing, is not admissible, until diligent search in the proper places, has been made, without success, for the original.

The proper place to go to for these grants, was the place in which the grantor, Isaac Perry, kept his papers, and that place, of course, was to be found by calling on him, or, if he was dead, on his heirs, or personal representatives. The defendant did not call on any of these persons, so far as appears. His agent called on Joseph Perry, and Crawford Perry, and on A. J. Lawson. But the agent stated, that he he did not know, whether these persons were at all related to Isaac Perry or not. True, he says, that one of them, Joseph Perry, told him that he had once had the grants, but that they were lost, burnt as he thought. Yet this same Joseph Perry directed him to go further, and enquire of Crawford Perry; which shows, that Joseph Perry had his doubts, as to whether the grants were lost or destroyed, or not.

Couple this with the failure of the defendant himself, to say that the grants were not in his power, or that he did not know where they were, and the two things are quite well calculated to make the impression, that the grants were still in existence, and accessible to the defendant, on proper exertion.

This being so, we think, that, in order to make out a compliance with the rule of the common law, it would have been necessary to show, that application had been made to the grantee, or, if he was dead, to his heirs or legal representatives. This not having been shown, we think, that the rule of the common law, was not complied with.

Neither rule having been complied with, the evidence was improperly admitted. This is our conclusion.

[2.] We see no error in the admission of the deeds made by the Sheriff. They were offered merely as color of title. The absence of the *fi. fas.* might perhaps, justify remark to

Sutton vs. McLoud.

the jury, as to the *bona fides* of the purchase from the Sheriff, but it was not sufficient to authorize the exclusion of the deeds from the jury.    Nor was it necessary, to make the deeds admissible, that it should appear, that the land had been sold, as the land of the grantee; or, that it should appear, that there had been seven years possession, under those deeds.    All this is well settled.

The admission of the deed made by Attaway's executor, to Neal, was, as far as appears to us, erroneous.    That deed was offered as color of title.    It was made as late as 1854; and it was left unconnected with any older deed.    Therefore, that it would make a color of title, beginning seven years before the commencement of the action, was impossible.

For *this* reason, we think, that this deed was improperly admitted, not, for the reasons relied on by the counsel for the plaintiff.    Those reasons were the same, or of the same kind, as those relied on, for the motion to exclude the deeds made by the Sheriff, and these have been considered.

We see no fault in the first part of the charge—that relating to the plaintiff's title.    It seems to be *favorable* to the plaintiff, but we are not quite satisfied, that there was evidence to justify a charge for the defendant, on the statute of limitations.    The evidence going to show seven years possession in the defendant, previous to the action, was very slight.    It is hard to say, that there was any.

                                    New trial ordered.