Howard v. The Dayton Coal & Iron Company et al.

1. In a joint action against two defendants for trespass upon land, the plaintiff may recover against one if it appear that the trespass was several and not joint.
2. The evidence showing that the plaintiff was probably entitled to recover at least nominal damages to vindicate his right, it was error to grant a nonsuit.        Judgment reversed.

March 26, 1894. Argued at the last term.

Equitable petition. Before Judge Henry. Walker superior court. August term, 1892.

On November 4, 1890, plaintiff made a contract with West, Acosta & Tharp, by which he agreed to convey to them certain land (except the mineral interest therein, which they owned), for a sum to be paid by January 1, 1892, default of such payment to cause a forfeiture by them of all rights under the contract. It was further

agreed that they should at once survey the land, divide it into lots, blocks, streets, etc., have maps made and sell the lots, paying the proceeds to him upon the amount due him, until his claim was paid off, he making deeds to the purchasers. They failed to carry out the agreement, made no effort to put the lots on the market and no sale of lots, and paid him but a very small part of the purchase price. After the agreement, they commenced to mine for iron ore on the land, and constructed a railroad from the mine to the Chattanooga Southern railroad, and operated the same for transporting ore to the latter road. They subsequently transferred to the Dayton Coal and Iron Co. their right to the mineral on the land, and to the Chattanooga Southern Railroad Co. their right to operate the railroad leading from the mine. On January 6, 1892, after demand on West, Acosta & Tharp for payment, plaintiff brought his petition against them and against the Dayton company and the railroad company. The first named defendants were afterwards stricken. The object of the petition was, to have a forfeiture of the contract declared; to obtain free and uninterrupted possession of the land; to enjoin the Dayton company from trespassing thereon, and the railroad company from operating the railroad on the land; and to obtain judgment against defendants for damages, etc. It was alleged that the Dayton company and the railroad company, at the time of the transfers to them, knew of the contract referred to. On final trial plaintiff introduced a deed conveying the land to himself, dated in 1877, and properly recorded. He informed the superintendent of the Dayton company of his contract with West, Acosta & Tharp, and of the amount they owed him, before that company took possession. He made no objection to the laying of the railroad track at the time it was laid. He knew nothing of the transfer of the railroad to the Chattanooga Southern company

until long after the Dayton company took possession.
The Dayton company commenced working at the ore
about September 1, 1891. They built houses on the
land, cut timber therefrom, some of which they used
in mining operations and some they cast aside to clear
space for digging, cut several roads through the land,
opened immense excavations in getting out ore, and
threw slate on other parts of the land. Plaintiff and
other witnesses gave estimates of various amounts of
damage caused by these acts. He did not know that
the company had done much in the way of cutting
ditches except what was necessary to get their ore out,
but did not think it was necessary to throw the dirt and
slate on his land as they did. He had two or three acres
of the land cleared, which he had been using. They
tore away and burned part of the fence, and built houses
on the cleared land.

Defendant moved for a nonsuit on the grounds, that
no privity between them, in contract or tort, was shown;
that the testimony was too indefinite and uncertain to
show what damage was done by the several defendants;
that it showed no act except what was necessary to raise
and mine the ore; and that it did not appear that the
railroad company knew of the contract in question, nor
that plaintiff ever objected to or opposed any of the
acts complained of. The motion was sustained.

PAYNE & WALKER and COPELAND & JACKSON, for plaintiff. LUMPKIN & SHATTUCK, for defendants.