## AULT *v.* MEAGER *et al.*

1. In order to maintain an action of trespass as to a tract of land it is essential for the plaintiff to show title in himself, or possession; and when he relies upon possession alone as a basis for recovery, it must be actual possession of that portion of the tract upon which the alleged wrong was committed.

2. It follows from the foregoing that a person who has actual possession of a part of a tract of land under a duly recorded deed covering the entire tract, which does not pass the title but is good only as color of title, has not, until after the expiration of seven years, such possession of the residue of the tract as will authorize him to maintain an action of trespass against a person who wrongfully enters thereon.

Argued October 6, — Decided October 31, 1900.

Trespass. Before Judge Janes. Haralson superior court. January term, 1900.

*Edwards & Ault*, for plaintiff. *Lloyd Thomas, Thomas & Hutchens*, and *Head & Head*, for defendants.

COBB, J. On November 11, 1898, Ault brought suit against Meager and another, alleging in his petition that he was the owner of a described lot of land containing forty acres, more or less, and that "on or about" June 1, 1898, the defendants entered upon the lot of land and cut and removed therefrom a quantity of timber growing thereon, to the damage of the plaintiff in a stated sum. At the trial it appeared that the plaintiff took possession "of the lot and began clearing it" on December 22, 1891, and that he cleared and fenced four or five acres, of which he has been in ac-

tual possession continuously since that time. . From the evidence it appears that the acts of trespass complained of began in July, 1898, and that none of them were committed upon that part of the lot of which the plaintiff was in actual possession. The plaintiff offered in evidence a recorded sheriff's deed to the lot described in the petition, dated in 1887. The court refused to admit the deed in evidence, upon the grounds that it was not accompanied by the execution upon which it was based, and that the evidence did not show that the plaintiff had been in possession under it for seven years prior to the time of the trespass complained of. · The court then, upon motion of defendants' counsel, granted a nonsuit. To the ruling of the judge in refusing to admit the deed in evidence, and to the judgment granting a nonsuit, the plaintiff excepted.

At common law the plaintiff in an action of trespass could not recover unless it appeared that he was in actual possession of the land upon which the trespass was committed. Mr. Chitty in his work on Pleading (16th Am. ed., vol. 1, p. 197), after laying down the rule, that an action of trespass to personal property might be supported by a constructive possession growing out of the fact that the plaintiff had title to the property, says: "But in the case of land and other real property, there is no such *constructive* possession, and unless the plaintiff had the *actual possession* by himself or his servant at the time when the injury was committed, he can not support this action." "Before entry and actual possession, one can not maintain an action of trespass, though he hath the freehold in in law." 3 Bl. Com. 210. See also McClain *v.* Todd, 5 J. J. Mar. 335. The common-law rule has been modified by statute in this State, as well as in many other of the American States, to the extent of allowing the holder of the legal title to maintain the action. Section 3877 of the Civil Code provides:. "The person having title to lands, if no one is in actual possession under the same title with him, may maintain an action for a trespass thereon." In *Yahoola River Company* v. *Irby*, 40 *Ga.* 479, Judge McCay, after stating that the action may be maintained by any one in actual possession of the land, says: "But it is only under our statute that the true owner can bring trespass, if he was not in possession at the time. To bring himself within the statute he must show he is the true owner. This he can only do by showing title." See also *Whiddon* v. *Williams Lumber Company*, 98 *Ga.* 700.

In the present case the plaintiff was not in actual possession of the land upon which the trespass was committed. Neither did he have the legal title to the same. He did not have the paper title, for the reason that he had not the execution upon which the sheriff's deed was founded, nor was there any evidence that the defendant in the execution under which the sheriff seized the land was the owner of the property. Civil Code, § 5447; *Whatley* v. *Newsom,* 10 *Ga.* 74. He did not have a prescriptive title, for the reason that he had not been in possession under the sheriff's deed as color of title for seven years at the date of the trespass. Civil Code, § 3589. The code declares that the bare possession of land authorizes the possessor to recover damages from any person wrongfully interfering with such possession. Civil Code, § 3876. This is but a codification of the common-law principle, and the possession referred to in this section is the actual physical possession of the property. The code also declares that a person who has a duly recorded deed to a tract of land, but is in actual possession of only a part, is in constructive possession of the whole tract, as the possession will be construed to extend to all the contiguous property embraced in the tract. Civil Code, §§ 3586, 3587. One who has been in such constructive possession of real property as is referred to in the sections cited, for a period of seven years, acquires a legal title to the same ; and title so acquired gives to the holder the same rights that he would have had if he had acquired title by a regular conveyance. Consequently, after the expiration of the period of prescription the holder of such title could maintain an action of trespass against one who entered upon the land, although he was not in actual possession of the same. While one who enters in good faith upon land under a recorded deed purporting to convey a single tract is, in a sense, in constructive possession of the entire tract from the moment he takes actual possession of a part, still he has not such a possession as will authorize him to maintain, even against a wrongdoer, an action for a trespass to the portion of the tract of which he is not in actual possession, until after the expiration of the period of prescription. Possession gives a right of action. Constructive posssesion arises out of ownership. Gunsolus *v.* Lormer, 54 Wis. 630. Constructive possession by one who is not the owner but merely claims ownership is not sufficient to support the action, until it is continued for a sufficient length of time to ripen into a com-

plete ownership. The modification of the common-law rule as declared by our statute simply goes to the extent of allowing the holder of the legal title to realty to maintain the action of trespass on a constructive possession which he has by virtue of his title. It does not, nor, so far as we are aware, do the statutes of any of the States, allow a person to maintain trespass simply on a claim of ownership of land of which he has never been in actual possession. That such a possession in this State can be made the foundation for a prescription is not a sufficient reason why the action of trespass can be maintained thereon. One in possession of a part of a tract of land under a recorded deed covering the whole is constructively in possession of the entire tract, as against the holder of the legal title who is himself only in constructive possession; but as against an actual occupant, whether owner or trespasser, he is not in possession either actually or constructively.

We have been able to find no case exactly in point, but the following authorities abundantly establish the proposition, that in order to maintain trespass there must be either an actual possession, or a constructive possession which has for its foundation a legal title to the property: Stean v. Anderson, 4 Harr. 209; Blackburn v. Baker, 7 Port. 284; Aiken v. Buck, 1 Wend. 466; Clark v. Hill, 1 Harr. 335; The Proprietors v. Call, 1 Mass. 482; Harrison v. Blackburn, 34 L. J. N. S. 109; Padgett v. Baker, 1 Tenn. Ch. 222; Smith v. Mills, 1 Term Rep. 475, 480; Machin v. Geortner, 14 Wend. 241; 2 Jag. Torts, §213; Big. Torts, pp. 167–8; Dobbs v. Gullidge, 4 Dev. & B. 68; Parker v. Wallis, 60 Md. 15; Ruggles v. Sands, 40 Mich. 559; Crawford v. Trustees, 51 Ill. 396.

Even if, under the ruling in *Sutton* v. *McLoud*, 26 *Ga.* 638, it was erroneous to exclude the deed from evidence, such error was harmless, for the reason that if the deed had been in evidence a nonsuit would, nevertheless, have been properly awarded.

*Judgment affirmed. All concurring, except Little, J., absent.*