CLOWER *et al. v.* MAYNARD *et al.*

COBB, J.   1. It is essential to the maintenance of an action of trespass to land, that the plaintiff should show either that he held the legal title to the same or was in actual possession thereof.   *Ault* v. *Meager*, 112 *Ga.* 148.

2. It is lawful for the owner of land to take possession of the same, whenever this can be accomplished without a breach of the peace.   A possession thus obtained can be maintained against a former possessor who was a mere intruder.   *Scott* v. *Mathis*, 72 *Ga.* 119, 124.

3. One who is the owner of land and takes possession of the same while it is vacant, and thus prevents an intruder, who is temporarily absent, from re-entering thereon, is not liable to the intruder in damages on account of such entry on the land.   See Cooley, Torts (2d ed.), 380; 2 Jaggard, Torts, 687.

4. Applying the principles above announced to the facts of the present case, there was no error in granting a nonsuit.

                    *Judgment affirmed.   All the Justices concurring.*

Argued November 2, — Decided November 29, 1900.

Action for damages.   Before Judge Reagan.   Monroe superior court.   February term, 1900.

*J. M. Fletcher* and *W. M. Clark,* for plaintiffs.
*Robert L. Berner,* for defendants.

———————

JIMMERSON *v.* LAWRENCE.

COBB, J.   1. If an infant by permission of his parent engages in any business as an adult, he is bound by all contracts entered into by him in connection with such business.   Civil Code, § 3650; *Ullmer* v. *Fitzgerald*, 106 *Ga.* 815.

2. The evidence authorized the verdict, and there was no error in refusing to grant a new trial.          *Judgment affirmed.   All the Justices concurring.*

Argued November 2, — Decided November 29, 1900.

Complaint for land.   Before Judge Reagan.   Pike superior court. October term, 1899.

· *J. M. Smith* and *E. F. Dupree,* for plaintiff.
  *G D. Dominick,* for defendant.