## McCOOK v. CRAWFORD.

1.  When a plaintiff in an action of trespass to land relies upon title claimed to have been acquired by prescription growing out of possession for seven years under written evidence of title, it is essential that the evidence should show that the plaintiff had such possession of the land, for the time required, as to make the same so notorious as to attract the attention of adverse claimants, and so exclusive as to prevent actual occupancy by another.
2.  Continuous use and occupancy for the time required by law for the purpose of range for cattle and hogs, and repeated occupation for the purpose of cutting timber, will not alone amount to actual possession of lands, within the meaning of the law declaring that adverse possessions of lands, accompanied by written evidence of title, for seven years will ripen into a perfect legal title.   And this is true though the lands are so situated as to be unfit for actual physical residence and unfit for cultivation, and suitable only for the purposes above named.
3.  When a petition sets forth no cause of action, the court may dismiss the same on an oral motion by the defendant at the trial.

Argued November 21,—Decided December 11, 1901.

Equitable petition.   Before Judge Hart.   Wilkinson superior court.   April 1, 1901.

*Allen & Pottle* and *F. Chambers,* for plaintiff.

*J. W. Lindsey, Hardeman, Davis, Turner & Jones,* for defendant.

COBB, J.   The plaintiff sued the defendant in an action of trespass, alleging that he was the owner and in possession of a described parcel of land, and that the defendant had entered thereon and was cutting and removing timber therefrom.   The plaintiff did not claim to have a perfect paper title to the property, but relied upon a tax deed as color of title, under which he claimed to have been in possession for more than seven years.   At the term at which the case

was tried the plaintiff offered an amendment to his petition, describing the character of his possession, which amendment was as follows: "And plaintiff further says that his possession of said premises, prior to any possession or claim of possession or title thereto by defendant, was evidenced by his continuous use and occupancy of said lands for the purpose of range for cattle and hogs; that he constantly and continuously so used and occupied said premises to the exclusion of all other persons, except with his consent; that he repeatedly occupied said lands by himself and his agents for the purpose of cutting timber for different purposes; that said lands, being on the swamp of the Oconee river, were unfit for actual, physical residence thereon, and were unfit for cultivation; that they were useful and valuable only for the purposes stated, and that his occupancy thereof and possession thereof for said purposes was as complete and exclusive as was possible." This amendment having been allowed, the defendant made an oral motion to dismiss the case upon the ground that the petition set forth no cause of action. This motion was sustained, and the plaintiff excepted.

1, 2. It is essential to a recovery by the plaintiff in an action of trespass to land that he should show either that he has title to the land or that he is in actual possession thereof. *Ault* v. *Meager*, 112 *Ga.* 148; *Clower* v. *Maynard*, 112 *Ga.* 340. The plaintiff in the present case relied upon title which he claimed to have acquired by actual possession for more than seven years, under written evidence of title. It is to be determined, therefore, whether, under the allegations of the amendment to the petition above set forth, the plaintiff was in such actual possession of the property described as that after the lapse of seven years such possession would, with the written evidence of title which he had, ripen into a perfect title to the property. The code declares: "Actual possession of lands is evidenced by inclosure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another." Civil Code, § 3585. To acquire a title by prescription it is necessary to have, for the time required by law, such a possession as is defined in the foregoing section of the code. The land being uninclosed and unimproved and not under cultivation, were the acts of ownership set forth in the amend-

ment to the plaintiff's petition of such a character as to attract the attention of adverse claimants or exclude actual occupancy by another? That the plaintiff repeatedly occupied the lands for the purpose of cutting timber, and continuously used the same for the purpose of range for cattle and hogs, would not, in our opinion, be such an actual possession as is contemplated by the code. It is argued, however, that under the allegations of the amendment the land in question was unfit for actual physical occupancy as well as for cultivation, and that its only value consisted in its use for the purposes for which the plaintiff did use it, and that therefore he was in actual possession of the same as fully as the nature of the property would admit of. All this may be true, and still there is no reason alleged why the property could not be in some manner inclosed so as to make this evidence of possession notorious and exclusive within the meaning of the code. The fact that the land was situated in a swamp of a river would not necessarily prevent it from being inclosed in such a manner as to attract the attention of adverse claimants; and while a fence erected for the purpose of inclosing the land might be destroyed or washed away in times of high water, it could be promptly replaced so as to make the possession continuous within the meaning of the law. That it would be expensive and troublesome to keep such property inclosed would not alter the law in reference to the subject of what amounts to actual possession, but would be simply a necessary burden to be borne by an owner of property of this character. But let it be conceded, for the sake of the argument, that it is impossible to inclose the land, that it is impossible to cultivate the land, that it is impossible to put the same to any use or occupy it in any manner which would be so notorious as to attract the attention of adverse claimants; still the plaintiff fails to make a case by his allegations, for the reason that, if this state of affairs exists, title to the property can not be acquired by prescription, because, when the character of property is such that it is impossible to be in actual possession thereof, title thereto can pass from one to another only by written evidence of title.

3. When the defendant demurred ore tenus to the petition at the term of the court at which the trial was had, the plaintiff objected to the court's entertaining the demurrer, upon the ground that it was not in writing, as well as upon the ground that it had not

been filed at the first term of the case. It is true the code declares that all demurrers shall be filed at the first term (Civil Code, § 5047); and that a rule of the superior court provides that all matters appearing on the face of the declaration or process that would not be good in arrest of judgment shall be taken advantage of at the first term. Rule 28, Civil Code, § 5659. But the code also provides that all defects which appear on the face of the pleadings may be taken advantage of by motion. Civil Code, § 5046. It is well settled that if the petition does not set forth a cause of action — if every fact alleged therein could on demurrer be admitted to be true and still the plaintiff would not be entitled to recover, the court has authority at any term of the court to sustain an oral motion to dismiss the case. *Rose* v. *West,* 50 *Ga.* 474; *Webster* v. *Thompson,* 55 *Ga.* 431; *Latham* v. *Kolb,* 76 *Ga.* 291; *Weathers* v. *McFarland,* 97 *Ga.* 266.

*Judgment affirmed. All the Justices concurring.*