JONES *et al.*, administrators, *v.* CLIETT *et al.*

114 673
121 227

114 673
126 375

An administrator with the will annexed, appointed in another State under a judgment admitting the will to record as " a valid will of personalty only," and authorized by the letters of administration issued to him to administer only " the goods, chattels, and credits" of the testator, has no authority to institute, in the courts of this State, either an action to recover land and mesne profits, or an action of trespass for the recovery of damages to real property.

Argued January 6, — Decided February 6, 1902.

Equitable petition. Before Judge Spence. Decatur superior court. February 20, 1901.

*Bower & Bower, M. E. O'Neal,* and *A. H. Russell,* for plaintiffs. *Hawes & Hawes* and *Sig. Nussbaum,* for defendants.

COBB, J. Frank C. Jones and another, as administrators of the estate of Gazaway B. Lamar, deceased, brought an action against Cliett and others, to recover a described parcel of land, with mesne profits and damages alleged to have been sustained by the cutting and removal of timber from the land. At the trial the court granted a nonsuit, and the case is here upon a bill of exceptions filed by the plaintiffs, assigning error upon this judgment and upon the refusal of the court to admit certain evidence. Gazaway B. Lamar was a resident of the State of New York at the date of his death, and the plaintiffs were appointed, in the surrogate's court of New

43

York, administrators with the will annexed upon his estate. The controlling question in the present case is whether the plaintiffs as such administrators are entitled to maintain an action for the recovery of land and mesne profits and for damages to the land. It appears from the record that the will of Gazaway B. Lamar was duly proved and admitted to record, in the surrogate's court of the State of New York, as a will of personalty only; it distinctly appearing that the surrogate "adjudged said will to be a valid will of personal estate only." The plaintiffs were granted by the court letters of administration with the will annexed. The letters recite that there is granted unto the administrators named "full power and authority, by these presents, to administer and faithfully to dispose of all and singular the said goods, chattels, and credits, and to ask, demand, recover, and receive the debts which unto the said testator whilst living and at the time of death did belong; and to pay the debts which the said testator did owe, as far as such goods, chattels, and credits will thereto extend and the law require." When the letters of administration were offered in evidence, objection was made to the same upon the ground that they were granted for the purpose of administering personalty only, and were therefore not sufficient to authorize the plaintiffs to maintain the present suit. This objection was sustained and the letters rejected as evidence; and thereupon the court granted a nonsuit. As the plaintiffs necessarily relied upon their letters of administration as authority for bringing the suit, of course, after they were rejected as evidence, the judgment of nonsuit was the only proper termination to the case; and therefore the question to be determined is whether the court erred, for the reason assigned, in rejecting the letters of administration. The code provides: "When a person at the time of his death is domiciled in another State, and administration is there regularly granted on his estate, either to an executor or administrator, such executor or administrator, if there be none appointed in this State, may institute his suit in any court in this State to enforce any right of action, or recover any property belonging to the deceased, or accruing to his representative as such." Civil Code, § 3521.

While the provisions of the section just quoted are very broad, it certainly can not be properly construed to mean other than that a foreign executor or administrator is authorized to bring in the courts

of this State only such a suit as he would be authorized to bring in the courts of the State where he received his appointment. It is not the intention of our law to confer upon a foreign executor or administrator any greater power in reference to the property of the estate which he represents than is conferred by the court which issues to him his letters testamentary or of administration, as the case may be. It is apparent from the record of the proceedings in the surrogate's court in the State of New York, in relation to the estate of Gazaway B. Lamar, that no authority was granted to the plaintiffs as administrators on his estate to administer any realty belonging to that estate. The judgment admitting the will to record and the letters of administration are carefully guarded at every point so as to preclude the idea that the administrators would have anything to do with the realty belonging to the estate. Under the terms of the letters of administration the plaintiffs had no authority to institute or maintain an action of ejectment in the courts of New York; and for this reason they can not, under our code, maintain such an action in this State. By comity our law would allow an administrator or executor appointed in New York to do in this State, in relation to the estate which he represents, whatever he could do in the State of New York; but it is not to be presumed that the General Assembly intended to confer upon executors or administrators appointed in another State greater authority in relation to the estates of deceased persons than they had under the laws of the State in which they received their appointments. The rights and liabilities of a foreign administrator or executor are dependent upon the law of the State where he received his appointment. See, in this connection, *Hoskins* v. *Sheddon*, 70 *Ga.* 528, 532, and cases cited. There was no evidence showing that under the law of New York the plaintiffs, under such letters of administration as they had, could have maintained an action of ejectment in that State.

But it is contended in the brief of counsel for the plaintiffs in error, that, even if the plaintiffs were not entitled to maintain an action for the recovery of the land, they could prosecute the same for the purpose of recovering mesne profits and damages alleged to have accrued from a trespass upon the land. So far as the mesne profits are concerned, a sufficient answer to this contention is that under the law of this State no separate action for mesne profits can be maintained; they can be recovered only in a suit brought to re-

cover land and as an incident thereto. Civil Code, § 4998. In order to maintain a suit for damages to land it is essential for the plaintiff to show either that he is in actual possession of the land or has title thereto. *Ault* v. *Meager*, 112 *Ga.* 148; *Clower* v. *Maynard*, Id. 340.₄ As the plaintiffs, as administrators, have no title to the land, and were not in actual possession when the alleged trespass occurred, either in their individual right or in the right of the estate of their testator, they have no right to maintain a suit for damages on account of the trespass.

*Judgment affirmed. All the Justices concurring.*