## DOWNING et al. v. ANDERSON.

Before one claiming ownership of a tract of land can maintain an action to enjoin the cutting of timber thereon, it is incumbent upon him to show that he has title to the land or is in possession thereof; and if. he relies upon possession alone as a basis for the granting of the relief sought, it must be actual possession of that portion of the land upon which the wrong complained of is being committed.

Submitted March 3,—Decided August 17, 1906.

Petition for injunction. Before Judge Parker. Charlton superior court. September 25, 1905. .

*Leon A. Wilson,* for plaintiffs. *J. S. Williams,* for defendant.

EVANS, J. This was an equitable proceeding to enjoin the cutting and removal of timber by the defendant from lands to which the plaintiffs asserted title. In order to maintain a suit for damages for an injury to the freehold, it is essential for the plaintiff to show either that he was in possession of the land at the time of the trespass or that he then had title thereto. *Whiddon* v. *Lumber Co.*, 98 *Ga.* 701. It would seem to be axiomatic that if a plaintiff be not entitled to recover damages for a trespass alleged in his petition to have been already committed, he can not be permitted to maintain an equitable action to enjoin a continuance of the trespass. *Flannery* v. *Hightower*, 97 *Ga.* 602. The only prayer in the present petition is for injunction to prevent further trespasses by the defendant; and we will inquire whether, under the proof submitted on the interlocutory hearing, the plaintiffs established a right to recover damages for the trespass alleged to have been already committed, thus applying the test for determining whether they were entitled to the relief sought. Many cases will be found in our reports to the effect that a plaintiff who has bona fide been in possession of land under claim of ownership may, upon proof of such possession, maintain against a wrong-doer an action to recover the land; or, on proof of the insolvency of the defendant, irreparable damage, or other circumstances which in the discretion of the court render the issuance of the writ of injunction necessary, may maintain an action to enjoin interference with his possession. See *Yahoola Mining Co.* v. *Irby*, 40 *Ga.* 479; *McLendon* v. *Horton*, 95 *Ga.* 54; *Hadley* v. *Bean*, 53 *Ga.* 685; *Parker* v. *R. Co.*, 81 *Ga.* 392; *Fletcher* v. *Fletcher*, 123 *Ga.* 323; *McArthur* v. *Matthewson*, 67 *Ga.* 134. Indeed our code declares that the "bare possession of land authorizes the possessor to recover damages from any person who wrongfully, in any manner, interferes with such possession." Civil Code, § 3876. This section was construed in *Ault* v. *Meager*, 112 *Ga.* 148, wherein it was held that where the plaintiff in an action of trespass relies upon possession alone as a basis of recovery, it must be actual possession of that portion of the tract upon which the alleged wrong was committed. On page 150, Cobb, J., who prepared the opinion in that case, said: "Constructive possession by one who is not the owner but merely claims ownership is not sufficient to support the action, unless it is continued for a sufficient length of time to ripen into a complete own-

ership." This principle has been reaffirmed in *Clower* v. *Maynard*, 112 *Ga.* 340, *McCook* v. *Crawford*, 114 *Ga.* 338, *Jones* v. *Cliett*, 114 *Ga.* 676, and *Fletcher* v. *Fletcher*, 123 *Ga.* 323. The petitioners alleged themselves to be the true owners and in possession of lots of land numbers four and sixty-one in the second land district of Charlton county. But on the interlocutory hearing their only attempt at proof of title was the introduction of a deed dated November 25, 1904, and recorded March 20, 1905, from Samuel C. Crews to themselves and two others, purporting to convey several lots of land, including the two lots in controversy, and a subsequent conveyance from the other grantees to themselves. They failed to show either complete paper title or title by prescription. Clearly one who merely has a deed to land and is not in possession has no right to complain of trespasses committed on the land by another, however much of a wrong-doer he may be relatively to the true owner. *Parker* v. *R. Co.*, 81 *Ga.* 388.

Nor did the plaintiffs sustain their contention that they had possession of the lands from which the timber was being cut by the defendant. They joined in an affidavit in which they asserted, upon bare information and belief, that their agent had erected houses on lots Nos. 2, 4, 61, and 124, and that he was in the actual possession of these lots. The real truth of the matter, however, as disclosed by the evidence of persons acquainted with the facts, was that some time between the date of the plaintiffs' purchase in the latter part of 1904 and the filing of their petition in July, 1905, their agent caused to be erected a house on lot No. 124, another on lot No. 2, and a small one-room shanty on lot No. 61. The house on lot No. 124 was occupied some time before the granting of the restraining order; but it affirmatively appears that the shanty on lot No. 61 has never been occupied since its erection, the defendant would not permit the plaintiffs' employees to fence in any part of the lots in dispute, and no improvements were ever made on lot No. 4. The erection of the shanty on one of the lots in controversy did not have the legal effect of placing the plaintiffs in actual possession of that lot, since a "mere entry, unaccompanied by an actual occupancy, is no possession at all," and the building of the shanty indicated merely a purpose to occupy. *Flannery* v. *Hightower*, 97 *Ga.* 604. So far as the other lot (No. 4) is concerned, there seems never to have been even an actual entry

upon it by the plaintiffs or their agent. A plat of the lot to which they assert ownership under the deeds introduced in evidence shows that they are joined together, though neither of the lots on which the alleged trespass occurred immediately adjoins lot No. 124, on which the house actually occupied was erected. At most, the plaintiffs can claim to be only in constructive possession of the lots upon which the timber is being felled. *Johnson* v. *Simerly,* 90 *Ga.* 612. The evidence demanded a finding that the plaintiffs have never been in actual possession of either of these lots. Indeed the defendant offered evidence tending to show that he had been continuously, under color of title and claim of right, cutting crossties on one of the lots for at least two years and on the other for ten or twelve months before the present action was begun, and that during the periods stated other persons claiming under him had been continuously using the timber for turpentine purposes, without interruption on the part of any one. The plaintiffs do not complain that the sub modo right acquired by their entry in and to the use and occupancy of the shanty erected by them on lot No. 61 is being interfered with, but only that they will suffer irreparable damage by the injury being done to the freehold in the felling of the timber and its appropriation by the defendant. He has, apparently, as much right to the timber as have the plaintiffs, who have never had anything more than constructive possession of the land on which it stands, and are therefore not in a position to assert that they are the owners thereof, without disclosing that in fact they have the legal title to it. They were not entitled to the relief for which they prayed, and the judge rightly so held.

*Judgment affirmed. Fish, C. J., absent. Cobb, P. J., and Beck, J., concur. Lumpkin and Atkinson, JJ., dissent.*

ATKINSON, J. It has been held that to entitle a complainant in a court of equity to seek relief against trespassers on land, it is not necessary to show a perfect title; but a prima facie title is sufficient, in the absence of a better outstanding title. *McArthur* v. *Matthewson,* 67 *Ga.* 134; *Smith* v. *Smith,* 105 *Ga.* 108; *Fletcher* v. *Fletcher,* 123 *Ga.* 326. What will constitute prima facie title? It is conceded that actual possession will suffice, without other proof of title. The Civil Code, § 3876, declares: "The bare possession of land authorizes the possessor to recover damages from any person who wrongfully, in any manner, interferes with such possession."

It is said, however, that this applies to actual possession only, and not to constructive possession. What difference does the law make between the two as to showing a prima facie title? Section 3585 says: "Actual possession of lands is evidenced by inclosure, cultivation, or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another." Section 3586 declares: "Constructive possession of lands is where a person having paper title to a tract of land is in actual possession of only a part thereof. In such a case, the law construes the possession to extend to the boundary of the tract." And section 3587 says: "Possession under a duly recorded deed will be construed to extend to all the contiguous property embraced therein." It is contended that the doctrine of constructive possession has reference only to prescription; but the code does not say so. True sections 3585, 3586, and 3587 are grouped in the chapter on the subject of prescription; but they define the terms actual possession and constructive possession generally, and state the effect of the latter. When our brethren speak of actual possession, though not dealing with prescription, they turn to one of these sections for its definition. When we speak of constructive possession, we turn to another one of these sections to show what is the legislative definition and effect of that term as used in this State. It is to be noted that the expression as employed in many jurisdictions is the possession which the law presumes and construes the true owner to have of his property, whether he has actual possession of any part of it or not. But in this State it has a certain meaning and effect by statute. As stated, § 3586 declares that where a person has paper title to a tract of land and is in *actual possession* of only a part of it, the law construes *the possession* to extend to the boundary of the tract. What is *the possession* which the law construes to extend to the boundary? Clearly the possession which was mentioned in the previous portion of the section,—that is, the actual possession. *Roberson* v. *Downing Co.,* 120 *Ga.* 833, 837, and cit. On pages 840, 841, occurs the following: "In Prescott *v.* Nevers, 4 Mason, 330, a suit for cutting timber off lot number 1, where one of the parties claimed title by virtue of possession of a part, and constructive possession of the balance of the lot, Judge Story said: "I take the principle of law to be clear, that where a person enters into land under a

claim of title thereto by a *recorded deed,* his entry and possession are referred to such title; and he is deemed to have a seisin of the land coextensive with the boundaries stated in his deed, where there is no open adverse possession of any part of the land so described, in any other person. In Gardner *v.* Gooch, 48 Me. 487, it was held that where a grantee is in possession of part, under a *recorded deed,* he is presumed to be in possession of the whole. 'The law of constructive possession declares that the deed of the lot to the settler which may be *found on record* . . shall, so far as his title is concerned, be a substitute for a substantial and permanent fence around the whole.' Chandler *v.* Spear, 22 Vt. 405. 'If a man enters upon a tract of land under a deed duly registered, . . and has a visible occupation of a part of it only, the true owner is disseised of the whole tract.' Farrar *v.* Eastman, 10 Me. 195. See also Pomeroy *v.* Stevens, 11 Met. 244; Nye *v.* Alfter, 127 Mo. 530; Shedd *v.* Powers, 28 Vt. 655; Alexander *v.* Polk, 39 Miss. 738; Forrest *v.* Jackson, 56 N. H. 357." The fact that two may be in constructive possession of a part of a tract, and that no prescription runs as to such part, does not militate against this view; for both may also fence in part of the same land, which would destroy the exclusiveness of the possession of either. Few people are in actual physical occupancy of every foot of their yards or gardens; but they would be astonished to know that they did not have such occupancy to their fences or boundaries as to prevent a trespasser from entering and committing a trespass on such parts. See also *Tripp* v. *Fausett,* 94 *Ga.* 330, 331; *Johnson* v. *Simerly,* 90 *Ga.* 612; *Weitman* v. *Thiot,* 64 *Ga.* 17; *Parker* v. *Jones,* 57 *Ga.* 204. In *Clark* v. *Hulsey,* 54 *Ga.* 608, 610, in discussing which of two parties had prior possession, the statutory constructive possession of which we are now speaking is directly construed as competing with actual possession.

A recovery may be had in ejectment based on prior possession alone; and this applies as well to constructive possession as to actual possession. *Wilcox* v. *Moore,* 118 *Ga.* 351; Civil Code, § 5008. Mere prior possession, however, if afterward abandoned or terminated, will not suffice as a basis for an action of trespass. *Whiddon* v. *Williams Lumber Co.,* 98 *Ga.* 701. But present possession will suffice. *McDonough* v. *Carter,* 98 *Ga.* 703, 706. We are not unmindful of the case of *Ault* v. *Meager,* 112 *Ga.* 148, and

other cases which have followed it and which are cited by the majority of the court. Some of them are decisions of the entire bench, and can not be reviewed or changed except by the entire bench. We feel it our duty to say that we can not fully concur with the reasoning in *Ault* v. *Meager* and the cases which have merely followed it. We can not overcome them; but we do not think they should be extended further. Besides, this case can be legitimately differentiated from them. They declared that where possession was relied on as a basis for a recovery for a past trespass, it must be actual possession. The most plausible theory on which they rest is that where an action is brought for trespass working damage to the freehold, it must be shown that the plaintiff is the true owner, else the defendant might be held liable twice. *Whiddon* v. *Williams Lumber Co.,* 98 *Ga.* 701. This may be quite true; but the question is what will suffice to make out a prima facie case of ownership in the plaintiff and thus shift the burden of rebutting it to the defendant. As already stated, it is conceded that actual possession will have that effect, but denied that constructive possession will do so. We fail to see why the same danger referred to above would not be as applicable where the plaintiff had actual as where he had constructive possession. But this is not a proceeding to recover damages for a past trespass, as the cutting of timber alone, but to prevent a threatened entry upon property claimed by the plaintiffs and the doing of irreparable damage thereon. It involves both a threatened intrusion and a cutting of timber after entry. Damages may be recovered for the wrongful intrusion as well as for the subsequent tort committed. See 4 Suth. Dam. (3d ed.) § 1010. What then, we repeat, will suffice to show prima facie title in the plaintiffs which will support the proceeding to enjoin such acts on the part of an insolvent defendant? If the defendant had entered and taken possession, clearly, under the decisions above cited, the plaintiffs would have shown sufficient prima facie title to eject him. Ejectment in Georgia is not merely an action to try the right of possession, but a finding for the plaintiff conclusively determines between the parties the title, unless the jury find for the plaintiff less than the fee, Civil Code, § 5005. Is it possible that the plaintiffs have enough prima facie title, unless overcome by rebutting evidence, to conclusively determine the title as against the defendant, to eject him,

.and to recover mesne profits against him (Civil Code, § 4997; *Cunningham* v. *Morris,* 19 *Ga.* 583), but not enough to furnish a basis for injunction to prevent his wrongful entry and trespass, if he be insolvent? If he seeks to hold possession, there is ample title to put him out and to recover mesne profits against him; but not enough (as our brethren think) to prevent by injunction the commission of the act, if the defendant is safely insolvent. We can not concur in the view that an insolvent trespasser, without a vestige of right, may enter and commit irreparable damage. upon the property to which the plaintiffs have such a prima facie title, resting upon present possession, as we have shown they have, merely because they have not shown a perfect prescriptive title. In *Flannery* v. *Hightower,* 97 *Ga.* 603, it was said: "A person in possession under color of title, or in actual possession of premises, though he be not the owner of the strict legal title, if his possession be in good faith, might be, under certain circumstances, entitled to maintain a petition for injunction against a bare trespasser who was himself insolvent, and who could not answer in damages for his wrongful act in interfering with a person holding such possession."