## TOWN OF WRENS v. SAMMONS.

1. In trespass to land, where the defendant admits the plaintiff's title, proof thereof is not required. If, notwithstanding such admission, the plaintiff offers a deed to show title to the premises, and it is admitted over objection, it is immaterial whether the objection be well taken.
2. In a suit to recover unliquidated damages, a defendant will not be heard to complain that the verdict is not so large as the testimony warranted.

Submitted November 26.—Decided December 20, 1907.

Action for damages. Before Judge Rawlings. Jefferson superior court. January 14, 1907.

*Phillips & Phillips* and *B. F. Walker*, for plaintiff in error.

*Cain & Hardeman*, contra.

EVANS, P. J. This was an action by Mrs. C. N. Sammons against the Town of Wrens, to recover damages for the opening of a street through her land. The town admitted that it laid out a street through the plaintiff's land, but pleaded that she had sold the town the right to open the street for a named sum, which had been tendered to her. On the trial the plaintiff offered a deed to prove her title to the land. Objection was made to the deed being received in evidence, on the ground of the indefinite description of the land. The deed was allowed in evidence. The plaintiff denied any agreement with the town authorities to construct a street through her land. The town submitted witnesses to prove such an agreement. The only testimony on the subject of damages was that the land was worth $2,000 before the construction of the street, and $1,500 after the street was laid out. The jury returned a verdict for $100. The defendant moved for a new trial, on the grounds, that the verdict was without evidence to support it, and that the court erred in admitting in evidence a certain deed under which the plaintiff claimed title. The court refused a new trial, and exception was taken by the defendant. The points stated in the headnotes control the case, and require no elaboration. That stated in the first syllabus is axiomatic; and the proposition contained in the second is sustained by the cases of *Pullman Co.* v. *Schaffner*, 126 *Ga.* 609 (55 S. E. 933, 9 L. R. A. (N. S.) 407), and *Mullins* v. *Murphy*, 69 *Ga.* 754.

*Judgment affirmed. All the Justices concur.*