10008.  SPEARS, administrator, *v.* FENDIG.·

By the petition in this case a temporary administrator sought to have
the city court set up a trust in property alleged to have been conveyed
to the defendant, and to set up title in the plaintiff's intestate, and
recover for a conversion of the trust fund arising from the defendant's
sale of the property. *Held,* that the temporary administrator was with-
out authority to maintain the action, and the court was without
jurisdiction to determine the cause; and it was not error to dismiss
the case on demurrer.

DECIDED JUNE 12, 1919.

Action on contract; from city court of Brunswick—Judge
Krauss.  June 29, 1918.

*E. H. Williams,* for plaintiff, cited: Civil Code (1910), § 3937;
84 *Ga.* 519; 108 *Ga.* 430; Id. 435.

· *R. D. Meader, Bennet, Twilty & Reese,* for defendant, cited:
39 Cyc. 570; Civil Code (1910), § 6510; 112 *Ga.* 542; 10 *Ga.
App.* 222; 129 *Ga.* 677; 137 *Ga.* 66 (6); 145 *Ga.* 867; 135 *Ga.* 515-
16; 114 *Ga.* 673; 58 *Ga.* 288 (2).

LUKE, J.  Spears, as temporary administrator of Monroe Phillips,
sued Fendig in the city court of Brunswick, alleging substantially
that the defendant had damaged him in his capacity as temporary
administrator, by reason of the following facts:  From May 1
to September 10, 1910, the said Monroe Phillips, J. W. Hall, and
Fendig were jointly engaged · in securing, by means of options
thereon· or direct purchase in some instances, ·the control and the
right to dispose of a large body of timber; the scheme being to
dispose of the timber as a whole for a sum of money·they had
paid or bargained to pay, the net profit to be equally divided
between them; that the said timber was sold to Dodge Lumber
Company on September 10, 1910; that the said scheme at its in-
ception contemplated the taking of title to all of the said timber
in the name of the defendant; that among the tracts of timber
that the defendant and his associates desired to include in the
said sale was one 214-acre tract of timber on which Monroe
Phillips held an option, and which was conveyed by deed on June
24, 1910, by one Hendricks to the defendant, at the express direc-
tion of Monroe Phillips, the purpose of the said conveyance being
solely to carry out the scheme of placing in the ·defendant the
·title to all tracts secured, in order that the whole body of timber
when secured might be more expeditiously disposed of, there being

no other consideration accruing to Phillips, who held the option thereon and who, previously to the execution of the conveyance by Hendricks, paid to Hendricks out of his private funds the full amount of the purchase-price demanded by Hendricks; that no consideration was ever paid or given by the defendant to Hendricks or to Monroe Phillips, but the making and delivery of the said conveyance by Hendricks to the defendant was without payment of any consideration on the part of the defendant, it being understood and agreed between the defendant and Monroe Phillips that the said conveyance was made at the request of Phillips solely for the purpose of facilitating the carrying out of the deal; that the defendant was to have no interest in the land thus conveyed other than to convey the timber interest therein, and afterwards the land subject to the timber sale was to be conveyed by the defendant to Monroe Phillips; that in order to carry out the said understanding and agreement the defendant executed an instrument in writing as follows, to wit: "Brunswick, Ga., June 24, 1910. Received from Monroe Phillips a land deed made direct to me from J. H. Hendricks to 214 acres of land near Glencoe, Ga., and recorded in Glynn county record book 3-B, page 653, and in which I have no interest whatsoever except to include the timber on said land in a timber deal in connection with J. H. Hall, and known as the Glencoe deal, after which I am to deed said land to Monroe Phillips, subject to our timber sale and pay the money for the timber over to Monroe Phillips. (Signed) Albert Fendig;" that the said Glencoe deal was finally and successfully carried through on the 10th day of September, 1910; that three years was a reasonable time to allow for the removing of the timber from the 214-acre tract, and that after the said timber had been removed the defendant, though repeatedly called upon by Monroe Phillips to carry out the said agreement and convey to him the 214 acres, failed and refused to do so, but, on the contrary, conveyed the said land on May 3, 1912, to one J. S. Brailey; that the said conveyance was for a valuable consideration, which the defendant appropriated to his own use; that Monroe Phillips died on March 6, 1915; that the title to the said 214-acre tract having been disposed of to Brailey for a valuable consideration, and he having purchased said land without knowledge of or notice, actual or constructive, of the rights and equities of Monroe Phillips, legal,

equitable, or both, Brailey had an indefeasible title to the said land; that having so conveyed the land the defendant can not be forced to perform specifically the contract to reconvey the same as agreed; that the value of the said tract of land when conveyed by Hendricks was $935, and that its value when conveyed by the defendant to Brailey was, and it now is, $1,500 without the timber thereon; wherefore a judgment for $1,500 is prayed.

The defendant demurred, upon the grounds: that the petition set out no valid and legal cause of action as against him; that the cause of action was barred by the statute of limitations; and that a temporary administrator has no lawful authority to institute or maintain an action of this kind. The court sustained the demurrer and dismissed the suit, and the plaintiff excepted.

By this petition the temporary administrator undertook, in the city court of Brunswick, to have the court set up a trust, and, after setting up the trust, to recover for a conversion of the trust fund, and in addition thereto to set up title in his intestate to the property held in trust. We are of the opinion that the city court of Brunswick was without jurisdiction to determine the cause pleaded. If the defendant had not conveyed the land and still held the same, it cannot be said that in the city court of Brunswick the plaintiff could have the trust established and have the title decreed to be in him. It being necessary in this action that the plaintiff show title to have been in his intestate, the city court of Brunswick would not have jurisdiction. Moreover, we do not think a temporary administrator may maintain the action pleaded. *Banks* v. *Walker*, 112 *Ga.* 542 (37 S. E. 866); *Jones* v. *Cliett*, 114 *Ga.* 673 (40 S. E. 719). The court did not err in sustaining the demurrer, for the reason that the court was without jurisdiction to determine the cause, and the temporary administrator was without authority to maintain the action.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*