## FENDER *et al. v.* GARDNER.

1. To maintain an action for trespass upon a tract of land, it is essential for the plaintiff to show title in himself, or possession; and when he relies upon possession alone as a basis for recovery, it must be the actual possession of that portion of the tract upon which it is alleged the trespass was committed.
2. While one who enters in good faith upon land under a recorded deed, purporting to convey a single tract, is, in a sense, in constructive possession of the entire tract from the moment he takes actual possession of a part, still he has not such possession as will authorize him to maintain, even against a wrong-doer, an action of trespass to the portion of the tract of which he is not in actual possession, until he has acquired title by prescription.
3. Where a defendant admits that the plaintiff is the owner of a tract of land alleged to have been trespassed upon, the plaintiff is not required to prove title.
4. In an action against two or more defendants for trespass upon land, the plaintiff can recover against one or more, if it appear that the trespass was several and not joint as to the one, or was joint as to two or more against whom the recovery is had.
5. The verdict in behalf of the defendants not being demanded, this court will not interfere with the first grant of a new trial by the trial court.

No. 2818. MAY 17, 1922.

Equitable petition. Before Judge Littlejohn. Lee superior court. May 10, 1921.

*W. G. Martin,* for plaintiffs in error.

*Yeomans & Wilkinson* and *Robert R. Forrester,* contra.

HINES, J. This is the first grant of a new trial, which, under the well-settled rule of this court, will not be disturbed, unless the verdict is demanded by the evidence. It is insisted that the verdict in favor of the defendants is demanded by the evidence, because the plaintiff failed to show title to, or actual possession of, the land upon which it is alleged the trespass was committed. To maintain an action for trespass upon a tract of land, it is essential for the plaintiff to show title in himself, or possession; and when he relies upon possession alone as a basis for recovery, it must be actual possession of that portion of the tract upon which it is alleged the trespass was committed. *McLeod* v. *Brooks Lumber Co., 98 Ga.* 253 (26 S. E. 745) ; *Ault* v. *Meager, 112 Ga.* 148 (37 S. E. 185).

While one who enters in good faith upon land under a recorded deed, purporting to convey a single tract, is, in a sense, in constructive possession of the entire tract from the moment he takes actual possession of a part, still he has not such a possession as

will authorize him to maintain, even against a wrong-doer, an action of trespass to the portion of the tract of which he is not in actual possession, until he has acquired title by prescription. *Ault* v. *Meager,* supra; *Clower* v. *Maynard,* 112 *Ga.* 340 (37 S. E. 370); *McCook* v. *Crawford,* 114 *Ga.* 337 (40 S. E. 225); *Jones* v. *Cliett,* 114 *Ga.* 673, 676 (40 S. E. 719); *Fletcher* v. *Fletcher,* 123 *Ga.* 323 (51 S. E. 416); *Downing* v. *Anderson,* 126 *Ga.* 374 (55 S. E. 184).

The only muniment of title introduced by the plaintiff was a deed from certain commissioners to himself, made by them under an order of court in certain partition proceedings in Lee superior court. This deed was dated May 2, 1916, embraced the premises upon which the defendants are alleged to have trespassed, and was duly recorded. There was no proof of actual possession of the lands which the plaintiff alleges were trespassed upon by the defendants. If nothing more appeared, the plaintiff failed to make out a case, and the verdict in behalf of the defendants would have been demanded by the evidence. But the plaintiff was permitted, without objection, to swear he owned the land upon which the trespass was alleged to have been committed. D. D. Hall, a witness for the plaintiff, was permitted to testify, without objection, that he had been looking after the Jordan place, now owned by Mr. Sanford Gardner, and for the Gardner family, before it was divided up, all told, for about twenty-five years. J. F. Fender, one of the defendants, before this timber was cut, had inquired of Hall, the agent of the plaintiff, if he could buy this timber of Gardner. J. F. Fender and H. H. Mott, two of the defendants, claimed the right to cut the timber on the Denny place, which adjoins the lands of the plaintiff, under a lease from Robert R. Forrester and D. D. Hall to J. B. and J. R. Miller, dated October 4, 1919. In this lease the land therein embraced is described as being bounded " on the south by that portion of the Gardner place now owned by Sanford Gardner." This lease was assigned by J. B. and J. R. Miller to J. F. Fender and H. H. Mott. These two defendants were working the timber on the Denny place, and in doing so are alleged to have trespassed upon the timbered lands of the plaintiff. J. F. Fender testified on the trial of this case that he " knew these trees on Mr. Gardner's land that this suit is for in this case." He further testified that the manager of J. R. and J. B. Miller pointed out to him the boundary line between Hall and the

Gardner place before he took an assignment of the above lease. J. F. Fender afterwards had the boundary line run between the Denny place, the timber on which he and Mott claimed under the above lease, and the Gardner place; and he testified that there was something like eight or ten acres between the boundary line so run and the line to which he actually cut and worked the trees; and that after he had the line run he knew then that he had cut timber south of that line, that is, that he had cut timber on the Gardner land.

From the above facts it might well be inferred by the jury that the defendant, J. F. Fender, virtually admitted that Gardner was the owner of the tract of land alleged to have been trespassed upon; and where this is the case, proof of plaintiff's title is not required. *Town of Wrens* v. *Sammons,* 129 *Ga.* 755 (59 S. E. 776).

It is next contended that the suit was brought against the defendants as joint trespassers, and that in order for the plaintiff to obtain a verdict it must be shown that all the defendants participated in the alleged acts of trespass. This position is unsound. In an action against two or more defendants for trespass upon land, the plaintiff can recover against one or more, if it appear that the trespass was several and not joint. *Howard* v. *Dayton Coal & Iron Co.,* 94 *Ga.* 416 (20 S. E. 336).

It is next insisted that the verdict in behalf of the defendants is demanded, because the plaintiff sued for special damages only, and failed to make proof thereof. Non constat that the plaintiff only sued for special damages. He sued for both special and general damages. He alleges that the trespass was wanton and willful. He likewise pleads special damages. We can not say that the verdict for the defendants was demanded. Under the proof in the case, one for the plaintiff in some amount seems to have been demanded. We see no reason to interfere with this first grant of a new trial.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs in the judgment of affirmance, but not in all the reasoning.