## O'QUINN *v.* McCLELLAND *et al.*

No. 12451.   September 23, 1938.

*Robert R. Forrester* and *John T. Ferguson,* for plaintiff.
*R. D. Smith* and *C. A. Christian,* for defendants.

Russell, Chief Justice.   O'Quinn filed a petition for injunction against Coleman as administrator of the estate of W. H. McClelland, and three of the heirs at law of McClelland, praying that the defendants be enjoined from interfering with petitioner's possession of described land to which he claimed title, from tearing

down or burning the improvements thereon, and from interfering with his employees in the cutting of timber upon said premises; and that the defendant be enjoined from administering said land as the property of his intestate. On the trial the court directed a verdict in favor of the defendants, and overruled a motion for new trial. The plaintiff excepted. The deeds under which the plaintiff claimed title were as follows: from John W. Murrow to Elitha McClelland (wife of W. H. McClelland), dated June 12, 1918; from Elitha McClelland to Lottie Bell Tidwell dated July 3, 1936; from Lottie Bell Tidwell to Vernon A. Tidwell, dated August 17, 1936; from Vernon A. Tidwell to Robert O'Quinn, the plaintiff, dated October 31, 1936. The petition was filed on November 7, 1936.

We think the direction of the verdict in favor of the defendants was authorized by application of the rule stated in *Fender* v. *Gardner,* 153 *Ga.* 460 (112 S. E. 368), where the opinion was delivered by Mr. Justice Hines, and where this court held as quoted in headnote 1, citing *Ault* v. *Meager,* 112 *Ga.* 148 (37 S. E. 185); *McCook* v. *Crawford,* 114 *Ga.* 337 (40 S. E. 225); *Jones* v. *Cliett,* 114 *Ga.* 673 (40 S. E. 719); *Downing* v. *Anderson,* 126 *Ga.* 374 (55 S. E. 184). No possession was shown by Mrs. Elitha McClelland under the deed from John W. Murrow or otherwise; and in her depositions she disclaimed ever having had any interest in the land involved. So the first possession shown under the chain of title of the plaintiff was that of Lottie Bell Tidwell, whose deed from Elitha McClelland was executed on July 3, 1936, at which time it appears she went into possession. No evidence was offered to show that the plaintiff was ever in actual possession of the land as to which an injunction against trespass was sought, and under the *Fender* case, headnote 2 (supra), he was not entitled to maintain an action of trespass, citing *Flannery* v. *Hightower,* 97 *Ga.* 592, 602 (25 S. E. 371). See *Downing* v. *Anderson,* supra. As to Coleman, administrator, an action for land or suit in ejectment, and not a petition for injunction, was the appropriate remedy to test the plaintiff's title. The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., and Jenkins, J., who dissent.*