No. 15.—HENRY P. BRAWNER, plaintiff in error, *vs.* LITTLETON P. STERDEVANT, executors, &c. defendant.

[1.] The old Common Law maxim, that a personal right of action dies with the person, still applies where a *tort* is committed to a man's person, feelings or reputation, as for assault, libel, slander or *seduction of his daughter*.

*Scire facias*, to make parties.   In Troup Superior Court, decided by Judge HILL, at May Term, 1850.

The plaintiff commenced his action for the seduction of his daughter, an ordinary, *"per quod servitium amisit,"* against one Winston Oliver.   Pending the action, Oliver died, and the plaintiff sued out a *scire facias* against the defendant, as his executor, to show cause why he should not be made a party defendant to the suit.

The executor showed for cause, that the action being in form, *" ex delicto,"* abated on the death of the defendant.

The Court below sustained the showing, and gave judgment of abatement, and counsel for plaintiff excepted.

HILL, for plaintiff in error.

STEPHENS, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

This was an action by the father, for the seduction of his daughter.   Pending the suit, the defendant died, and a *scire facias* was issued against his executor, to make him a party.   The representative showed for cause, that it was a personal action for a *tort*, which abated on the death of the party, and the Court sustained the objection, and this judgment is assigned for error.

[1.] We have struggled hard to maintain this proceeding, but find it impossible to do so.   The old Common Law maxim of *actio personalis*, notwithstanding the modifications made by the Statute of *Edward*, in relation to personal property, and the still

more recent Act of 4 *William,* respecting real estate, still applies where a *tort* is committed to a man's person, feelings or reputation, as for assault, libel, slander *or seduction of his daughter.* *Broom's Legal Maxims,* 254.

We must not, in this or any other case, permit our sympathy, or anything else, to draw us off from the position so early taken, and so firmly and uniformly adhered to by this Court, namely: that what is or is not sound policy, is a question for the Legislature, and not for the Judiciary. The line between the legislative and judicial power, should be kept constantly in view by both these departments, and never invaded or transcended by either. It is *our province* to expound and apply, and not make or change the law. We protest alike against *judge-made* law, and the exercise of judicial power by the Legislature.