Petts *vs.* Ison.

| 11 | 151 |
|----|-----|
| e126 | 797 |

No. 24.—G. S. and J. M. PETTS, plaintiffs in error, *vs.* HANNAH ISON, executrix, &c. defendant.

[1] Where an action of trespass was brought for a *direct* and *forcible injury* to the property of the plaintiff, against the defendant, who died pending the suit: *Held*, that the action *abated* by his death, and could not be *revived* against his personal representative.

*Scire facias*, in Pike Superior Court. Heard and decided by Judge STARK, February Term, 1852.

The plaintiff in error instituted an action of trespass, against John Ison, the defendant's testator, returnable to the June Term, 1848, of Pike Inferior Court. The alleged cause of action was the injury done to the wagon of plaintiffs, by the de-

fendant, in cutting all the spokes out of one of the wheels of said wagon. At the December Term of said Court, the Jury found a verdict in favor of the plaintiffs, for $150. The defendant appealed; pending which, he died.

At the February Term, 1850, of Pike Superior Court, the death of the defendant was suggested upon the minutes of said Court.

On the 13th day of December, 1850, a *scire facias* was issued, requiring Hannah Ison, as the executrix of the said John Ison, to appear at the February Term, 1851, of said Court, and show cause why she should not be made party defendant in said cause, and the same proceed against her, at the said term of said Court.

Judge STARK, on motion, dismissed the *scire facias*, and ordered the action to abate.

To which decision of the Court, plaintiffs excepted.

W. W. ARNOLD, for plaintiffs in error.

H. GREEN, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question made by the record, for our judgment in this case is, whether the cause of action *survived* against the executrix of the testator, or whether it *abated* by his death. The plaintiffs, in the Court below, brought an action of *trespass* against John Ison, the testator, and while the action was pending, on the appeal, the defendant died. The declaration alleges, that the defendant, with force and arms, assaulted the plaintiffs' wagon-driver, stopped their team with great force and violence, and with axes, sticks, &c. knocked, hewed and cut all the spokes out of one of the wheels of the plaintiffs' wagon, to their great damage, &c. By the 12th section of the Judiciary Act of 1799, it is declared: "No suit in any of the said Courts shall abate by the death of either party, where such cause of action would, in any case, survive to the executor or administrator, whether

such cause of action would survive in the same, or in any *other form*, but the same shall proceed as if such testator or intestate, had not died," &c.   *Prince*, 422.   The Legislature evidently had in view the Common Law, at the time of the enactment of this Statute.   The mere *form* of the action, however, was not intended to be the criterion for its survivorship or abatement.   The rule of the Common Law, as stated by *Blackstone*, is that in all personal actions, arising *ex delicto*, for wrongs actually done or committed by the defendant—as trespass, battery and slander—that *actio personalis moritur cum persona*, and cannot be revived, either by or against their representatives.   3d *Bl. Com.* 302.   Mr. Chitty states the rule to be, at Common Law, that in cases of injuries to personal property, if either party died, in general no action could be supported, either by or against the personal representatives of the parties, where the action *must* have been in form, *ex delicto*, and the plea not guilty; but if any *contract* could be *implied*—as if the wrong-doer converted the property into money, or if the goods remain in specie, in the hands of the executor of the wrong-doer—assumpsit for money had and received, may be supported by or against the executor, in the former case, and trover in the latter.   1 *Chitty's Pleading, Dunlap's edition, marginal page* 57.   According to Mr. *Chitty*, the Statute of 4*th Edward III.* has not altered the Common Law rule in its relation to personal property, only in favor of the personal representatives of the *party injured.*   1 *Chitty's Pleading, marginal page* 56.   This is an action of trespass against the defendant, for a *direct* and *immediate injury* to the property of the plaintiffs.   The defendant nor his estate was not benefited by this *tortious* act; and in such cases, the rule of the Common Law, *actio personalis moritur cum persona,* applies.   *Cravath vs. Plympton,* adm'r, 13 *Mass. Rep.* 454.   1 *Saunders' Rep.* 216, *note* 1.   *Franklin vs. Low & Swartwout,* 1 *Johns. Rep.* 401.   This action of *trespass* would not survive at Common Law, and we are unable to perceive that it would survive in any *other form of action.*   The law, very clearly, would not raise an assumpsit upon an *implied* contract, in favor of the plaintiffs; and the injury having been *direct,* and committed with *force,* an action on

VOL XI  20

the case could not be maintained, nor would trover lie. The result, therefore, is that the plaintiff's cause of action against the defendant, *abated* on the death of the latter, and cannot be revived against his legal representatives.

Let the judgment of the Court below be affirmed.