WILLIAM FAITH, plaintiff in error, *vs.* JOSHUA CARPENTER, defendant in error.

When a judgment is obtained at common law against a defendant in a suit for slander, from which the appeal is taken, and pending the appeal the defendant dies, the suit, the judgment, and all its incidents, die with him.

*Scire facias* to make parties. In Whitfield Superior Court. Decided by Hon. CICERO D. McCUTCHEN, a Judge selected under the law. At May Term, 1861.

William Faith brought an action on the case for slander, against Joshua Carpenter, and on the trial at common law, the plaintiff recovered a verdict for $350 00.

From this verdict the defendant entered an appeal, and, pending the appeal, died.

Dr. J. N. Smith was duly qualified as executor of the defendant, and twelve months had elapsed since such qualification.

A *scire facias* issued to make the executor a party defendant to the case.

Faith *vs.* Carpenter.

Under these circumstances, the counsel of plaintiff moved to dismiss the appeal, and if that motion should be denied, then to make said executor a party defendant to the case.

Both these motions were overruled, and that decision is the error alleged.

CROOK, for plaintiff in error.

W. K. MOORE, for defendant in error.

*By the Court*—LYON, J., delivering the opinion.

This being a personal action, that died with the person, when a judgment was had at common law, from which an appeal was taken, under the statute for trial by special jury, and when the defendant died pending and before trial on the appeal, the question made is, whether the common law judgment died with the action? We hold that it did. The appeal takes up the whole record, and anything and everything that carries the case out of Court, pending the appeal, disposes of all its incidents, and the rights acquired by the action. " The appeal opens the whole case—it reviews the litigation before the appellate tribunal. When it reaches that tribunal, the case is before it in its totality. When an appeal is entered there is no judgment. Whether there ever will be a judgment or not for the plaintiff, depends upon the event of the trial on the appeal." Snelling vs. Parker, 8 Ga., 123.

Let the judgment be affirmed.