Ellington *vs.* Bennett.

Z. T. & J. H. ELLINGTON, administrators, plaintiffs in error, *vs.* CORNELIUS BENNETT, defendant in error.

1. Actions on the case, for damages to plaintiff by defendant, caused by the erection of a mill-dam and ponding of water, whereby the value of plaintiff's plantation, as a whole, is seriously diminished, and the health of his family destroyed, and medical expenses incurred, and large and rich bottom lands rendered unproductive by being kept too wet for cultivation, do not abate on the death of the plaintiff, but survive to the administrator, who should be made a party plaintiff, on motion, if the declarations allege facts which show that the defendant derived benefit from the *tort* with which he is charged.

2. The allegation that defendant derived benefit from the *tort*, by the improvement of mill property, of which he was the owner, and that he erected the dam and ponded the water so as to increase the capacity of his mill, would be sufficient, and if such allegation be not distinctly made in the original declaration, the administrator should set out his application to be made a party, in writing, with his proposed amendment therein, and thereupon the court should grant his motion.

Actions.  Abatement.  Administrators and executors.   Before Judge BUCHANAN.   Fayette Superior Court.   August Term, 1875.

Reported in the opinion.

SPEER & STEWART, for plaintiffs in error.

B. H. HILL & SON; J. L. BLALOCK; DORSEY & BRADLEY, for defendant.

JACKSON, Judge.

Three actions on the case were brought by Ellington, in his lifetime, against Bennett, for damages caused by the erection of a mill-dam and the ponding of the water occasioned thereby. The first was for injury to the health of the family and medical expenses incurred thereby; the second was for injury to the plantation generally, and the third was for injury to certain bottom lands which, by the mill-pond, were rendered too wet for cultivation. After the death of Ellington, his administrators moved to be made parties plaintiff, and that the cause proceed; the court refused to grant the motion, the administrators excepted, and assigned for error the refusal to make the administrators parties. The question is whether actions for such a *tort* abate by the death of the plaintiff or survive to the administrator.

1. Section 2967 of the Code enacts that "no action for a *tort* shall abate by the death of either party where the wrong-doer received any benefit from the *tort* complained of." It is, therefore, clear that these actions do not abate if the defendant derived any benefit from the erection of the mill-dam. If he did the actions do not abate, if he derived no benefit they do abate. The defendant would hardly have put up the mill-dam and ponded the water unless his own property, the mill, was made more valuable, and its capacity for grinding increased. Any improvement of his property is a benefit to himself. Such actions as these, with proper allegations and averments, do not, therefore, abate, but survive to the administrator.

2. In these cases, however, it is not alleged that the defendant was the owner of the mill, or his property therein

Ellington *vs.* Bennett.

was increased in value, or that its capacity for grinding was made greater, or that he acquired a greater head of water for the purposes of his mill, or that his property or himself was benefited by the mill-dam.    There are no such clear averments in either of these declarations.    There is a vague and shadowy idea that such are the facts sought to be conveyed by the declarations, and this is all that can be said of them.    We think, therefore, that as they stand they are insufficient to give to these administrators the right to be made parties.    But section 3438 of our Code, declares that "no suit shall abate by the death of either party, where such cause of action will, in any case, survive to or against the legal representatives of the deceased party either in the same or any other form of action." This section would seem to provide for a very liberal rule of amendment in the event that the original declaration was insufficient.    In these cases we think them insufficient, and that there is barely enough in them to amend by.    Still, as we think there is enough, we will hold that the administrators upon setting out in their petitions to be made parties, amendments in writing to the effect that the defendant was benefited, and wherein, and how, may be made parties, and such amendments be allowed.    We affirm the judgment of the court below in refusing to grant the motion upon the declarations as they then stood, but we direct that the administrators have leave to make their petitions to be made parties in writing, and to set out therein their proposed amendments, and upon these amendments, showing that the defendant was benefitted by the *tort*, that they be made parties plaintiff, and that said causes thereupon proceed.

Judgment affirmed.