THOMPSON *vs.* THE CENTRAL RAILROAD.

[This case was argued at the last term and the decision reserved.]

The first grant of a new trial by the presiding judge, on the ground that the verdict is against the weight of the evidence, will not be reversed, unless the discretion with which the law invests him has been manifestly abused ; and as this is a suit for personal injuries, and the plaintiff is dead, and the case must be tried again, the action abates on its return to the court below.

New trial. Actions. Abatement. Before Judge TOMP-KINS. Chatham Superior Court. May Term, 1876.

To the report contained in the opinion it is only necessary to add the following : Thompson, an employee, brought case against the Central Railroad for an alleged injury resulting from the negligence of other employees of the road. The evidence showed that he was beside the track, engaged in coupling cars; that four men, in the employment of the company, came along the track, carrying a heavy iron bar; and that they let it fall on plaintiff's shoulder, he being on a slightly lower level than they. Injury, etc., was shown. There was some evidence tending to show that the injury was the result of an accidental stumble on the part of one of those who carried the bar, and did not result from negligence.

MELDRIM & ADAMS, for plaintiff in error.

A. R. LAWTON, for defendant.

JACKSON, Judge.

This case was before this court before—reported in 54 *Ga.*, 509. The court below had granted a non-suit because Thompson was not injured by the running of the trains —the proof being that he was injured by certain employees of the company letting fall upon him a bar of iron, when he was also an employee (a switchman), but wholly disconnected with the moving the iron by the employees who hurt him; though all were at work in the same yard of the company. This court reversed the judgment of nonsuit, holding that the company was liable if their employees were at fault, and that as Thompson was not employed in the same business with those who hurt him, the presumption was against the company.

On the trial of the case sent back, and now again here, the jury found for the plaintiff $3,750.00.

The court set aside the verdict and granted a new trial, on the ground that the testimony made a case rather of accident than of fault by any one, or negligence on either side. In granting the new trial the court also expressed some views of the law at variance with our view that the presumption was against the company; but put its grant of the new trial on the ground that the evidence of unavoidable accident preponderated. After the judgment of the court setting aside the verdict and granting a new trial, the case was brought to this court by Thompson on the ground that the court erred in the grant of the new trial. Pending the case in this court, and after the bill of exceptions was filed and *supersedeas* granted, Thompson died, and the question is made that, as this was a personal action, it died with him; and when his administrator was made a party in this court the point was reserved. So that the questions are: does the action abate by his death, as the case now stands in this court? or will it abate if this court shall reverse the judgment setting aside the verdict, leaving the judgment upon the verdict as it stood before new trial

Thompson *vs.* The Central Railroad.

granted? or, will it abate if the judgment of the court below is affirmed, and the case shall stand for a new trial?

I am of opinion myself that the action does now abate. So long as the action remains pending in any court having jurisdiction thereof, before final judgment, if the plaintiff dies, the action abates. Final judgment, in any view of the law, is the judgment which is finally pronounced after the case has gone through all its stages of action in every court which deals with it, whether the jurisdiction be original or appellate, or; if appellate, whether brought up by appeal, properly so-called, or by writ of error. I base my judgment on the Code, §2967 ; 9 *Ga.*, 69 ; 11 *Ga.*, 151 ; 26 *Ga.*, 246. No benefit resulted to this tort-feasor from the tort; therefore, by the express provision of section 2967 of the Code, the action, if an action, abated.

Well, if it be not an action, I cannot define it. I think it is the continuance in court of the action for personal injury, begun in the court below, brought to this court once before, sent back again to that court, tried again there, and now brought again here ; and all the time an action, and an action for damages for tort to Thompson's person by the Central Railroad, was pending, and is pending.

My brother Bleckley is of the opinion that the case does not abate here and now ; but that if we affirm the judgment below, which granted the new trial, that it will then abate ; but if we reverse that judgment, and leave the judgment on the verdict standing, it will not abate there ; while the chief justice rather inclines to the view taken by Judge Bleckley. The case, in that view of it, is taken without the adjudications of this court in ordinary appeals in the cases cited, because this case is not brought here by appeal but by writ of error—the jurisdiction of this court being confined to the errors complained of, and the whole case not being brought up to be tried on its merits *de novo*, but simply to have the errors corrected. My view is, that this court is, to

all intents and purposes, an appellate court; that the whole record is brought up, and that the court is empowered to grant, and frequently has granted, final judgments and decrees—writing off so much money from a verdict, or directing it done, under penalty of a new trial, providing for amendments below, etc., etc.

All the court, however, are agreed, that if the action go below again, to be tried over, it will abate; and that makes it necessary to ascertain whether it shall be tried over, and that turns upon an affirmance of the judgment. If the judgment below be affirmed, the case will stand for trial, and then abate.

The court think that this case falls within the principle so often ruled, that we will not control the discretion of the court below in the grant of a first new trial 'by the presiding judge, on the facts; and as the circumstances of the case. to say the least, go far to show that the hurt was occasioned by an accidental stumble of one of the employees, the judgment is affirmed, and on its return, the action, standing for a new trial, will abate.

Judgment affirmed.