Jones *et al.*, administrators, *vs.* Lamar *et al.*

By the common law, where a party to a suit died, the action abated. The statutory provision allowing it to be revived in the name of such party's executor or administrator, meant an executor or administrator appointed in this state, and not a foreign one. Nor does the statutory privilege granted to a foreign executor or administrator to bring an action or suit in this state include the right, where he dies pending the action, to have the administrator *de bonis non*, with the will annexed, made a party by *scire facias*, and thereby to revive the suit.

November 9, 1886.

Administrators and Executors.   Parties.   Abatement. Actions.   Before Judge ADAMS.   Chatham Superior Court. June Term, 1886.

G. B. Lamar died in New York, leaving a will which was admitted to record in that state on November 10, 1874,

as a will of personal property only, and letters testamentary were issued to G. De Rosset Lamar, who was appointed executor by the will.    In 1885, a creditor in Georgia applied to the ordinary of Chatham county to have an administrator of the estate of G. B. Lamar appointed.   The executor appeared and claimed the administration, and letters were granted to him.    The inventory and appraisement set out only certàin wild lands, none of them lying in Chatham county.    On December 9, 1885, the executor filed his bill in Chatham superior court against Caroline A. Lamar *et al.* for the purpose of enforcing a claim arising out of à bond secured by mortgage on land lying in that county.    Pending the bill, the executor died.    Subsequently Frank C. and Harriet C. Jones, of New York, were appointed administrators *de bonis non cum testamento annexo* of G. B. Lamar.    They proceeded by *scire facias* to make themselves parties to the bill in place of the deceased executor.    The defendants objected to this on two grounds:

(1.) That under the statute of Georgia, the administrators could not revive a suit brought by the alleged foreign executor.

(2.) That the application does not set forth any facts that entitle the applicants to be made parties to the cause.

The presiding judge held that if the executor could sue originally, the administrators *de bonis non* might be made parties in his stead; but there being an administrator in Georgia, the foreign executor had no such right to sue, and that the schedule filed by the administrators did not alter the case; and thereupon dismissed the *scire facias*.    The movants excepted.

Geo. A. Mercer, for plaintiffs in error.

Chisholm & Erwin; Lawton & Cunningham; F. G. duBignon, for defendants.

BLANDFORD, Justice.

The question here is, can a foreign administrator *de bonis non cum testamento annexo* be made a party to a suit at law, which was brought by a foreign executor who has died pending the action, by *scire facias?*

If such foreign administrator can be made a party, it must depend upon some statute of this state, and we know of no such statute. By the common law, when a party to a suit died, the action abated, and by statute the same was allowed to be revived in the name of his executor or administrator; but it is most manifest that such an administrator or executor must have been appointed in this state, and is not a foreign administrator or executor. The privilege to bring an action or suit by a foreign executor or administrator is expressly granted by statute (see the acts of 1850, Cobb's Digest, 341; acts of 1860, p. 32; Code, §2614); but there is no provision that if such foreign executor dies pending the action, an administrator, with the will annexed, may be made a party by *scire facias*, and thereby revive the suit. As to the subject of making parties to suits, see part iii, title ii, chap. vi of the Code, §§3421, 3436, in which it will be found that executors and administrators, as therein mentioned, mean executors and administrators domiciled or resident within this state. The court below having refused to allow an administrator *cum testamento annexo* to be made a party to the suit commenced by the executor, he being a foreign executor, his judgment must be affirmed.

Judgment affirmed.