19293.   HEFNER, administrator, *v.* FULTON BAG & COTTON
MILLS.

DECIDED MAY 18, 1929.

*V. E. Adams,* for plaintiff.   *Slaton & Hopkins,* for defendant.

BELL, J.   J. O. Hefner, as administrator of the estate of B. F.
Hefner, deceased, brought suit against Fulton Bag & Cotton Mills
to recover damages for alleged injury to realty.   The defendant
demurred to the petition, upon the following, among other grounds:
"1st.   The same sets forth no cause of action.   2d.   There is no
cause of action in the plaintiff, it not being alleged that said ad-
ministrator had, at the time of the injuries complained of, either
title to or possession of said property."   The court sustained the
second ground of the demurrer, with leave to amend within ten
days.   The plaintiff declined to amend, the petition was dismissed,
and the plaintiff excepted.

The petition alleged that the intestate died seized and possessed
of the property in question, a lot in the city of Atlanta, and had
owned it and lived upon it for about a quarter of a century before
he died, and that on or about August 11, 1926, the defendant
damaged the property by obstructing the natural drainage there-
from and causing the water to back up and form a pond upon
the property, with resulting injury thereto as described in the
petition.   It was further alleged that since August 11, 1926, the
defendant built a wall along the north and east lines of the prop-
erty and built up its own adjacent land to the level of such wall,
so as to leave the Hefner lot "in a hole approximately 15 feet
deep."   Damages were claimed "in the sum of $5,000 as of August
11, 1926."   The petition contained no allegation to show the date
of the intestate's death, nor the date of the appointment of the
plaintiff as administrator; nor was it averred that the administrator
was in possession of the property at the time of the acts complained
of or at any other time.

To maintain an action for trespass or injury to realty, it is essential that the plaintiff show either that he was the true owner or was in possession at the time of the trespass; and when he relies upon possession alone, it must be actual possession of that portion of the tract upon which the trespass was committed. *Morris* v. *Gibson,* 35 *Ga. App.* 689 (2) (134 S. E. 796); *Whiddon* v. *Williams Lumber Co.,* 98 *Ga.* 700 (2) (25 S. E. 770); *Downing* v. *Anderson,* 126 *Ga.* 373 (55 S. E. 184); *Fender* v. *Gardner,* 153 *Ga.* 460 (112 S. E. 368), and cit.

There is no failure here to show that the intestate was the owner of the property at the time of his death; and if he were now in life and were the person suing, the action would be maintainable. This would be true for the reason that, where the plaintiff shows ownership, it is unnecessary to show possession. It does not follow, however, that the suit could be brought by the administrator. On the death of an intestate the title to his lands descends to his heirs at law, and not to his legal representative. *Stonecypher* v. *Coleman,* 161 *Ga.* 403 (131 S. E. 75); *Gholston* v. *Northeastern Banking Co.,* 158 *Ga.* 291, 293 (123 S. E. 111, 35 A. L. R. 23); *Dunson* v. *Lewis,* 156 *Ga.* 692, 700 (119 S. E. 846); *Weems* v. *Kidd,* 37 *Ga. App.* 8 (138 S. E. 863); *Lee* v. *Moore,* 37 *Ga. App.* 279 (139 S. E. 922); Civil Code (1910), § 3929. So, in this case, if the injury to the property occurred subsequently to the death of the intestate, prima facie the right to sue therefor would be in the heirs at law, especially in the absence of allegation that the administrator was in possession at the time of the trespass. So much for the case on the assumption that the damage occurred since the death of the intestate.

If the injury occurred prior to the death of the intestate, *and if the cause survived him,* it would seem that the right to sue was in the administrator; but since it does not appear whether the injury was done before or after the intestate's death, no cause of action is stated as for damage done previously thereto, even assuming that in such a case the cause of action did not abate with the death of the intestate. On the latter question see *Frazier* v. *Georgia R. &c. Co.,* 101 *Ga.* 77 (28 S. E. 662); *King* v. *Southern Ry. Co.,* 126 *Ga.* 794 (3) (55 S. E. 965, 8 L. R. A. (N. S.) 544); *Sullivan* v. *Curling,* 149 *Ga.* 96 (99 S. E. 533, 5 A. L. R. 124); *Ellington* v. *Bennett,* 56 *Ga.* 158; *Petts* v. *Ison,* 11 *Ga.* 151 (56 Am. D. 419);

*Neal* v. *Haygood,* 1 *Ga.* 514; *Henderson* v. *Alexander,* 2 *Ga.* 81; *Woods* v. *Howell,* 17 *Ga.* 495; *Jones* v. *Lamar,* 77 *Ga.* 149; *Spence* v. *Carter,* 33 *Ga. App.* 279, 282 (125 S. E. 883); *Leathers* v. *Raburn,* 17 *Ga. App.* 437 (87 S. E. 754); 1 C. J. 174; 2 Am. & Eng. Enc. Law (2d ed.) 1017; 21 Enc. Pleading & Practice, 309-325.

The petition failed to set forth a cause of action, and the judgment of dismissal will therefore be affirmed, irrespective of the validity of the particular ground upon which it was based. *Crittenden* v. *Southern Loan Asso.,* 111 *Ga.* 266 (5). However, if the damage occurred during the life of the intestate, direction is given that the plaintiff as administrator be permitted to present an amendment alleging that and any other pertinent facts, for the purpose of invoking a ruling as to his right to maintain the action in his representative capacity to recover for such damage.

*Judgment affirmed, with direction. Jenkins, P. J., and Stephens, J., concur.*