*S. Holderness, Willis Smith,* contra.

22099. PENNINGTON *v.* PALMER.

560

DECIDED FEBRUARY 10, 1933.    REHEARING DENIED MARCH 4, 1933.

*M. C. Barwick,* for plaintiff in error.

*Joseph Law, Lewis & Lewis,* and *R. N. Hardeman Jr.,* contra.

GUERRY, J.   J. C. Palmer brought suit against L. T. Pennington for an alleged trespass on realty.   The real estate formerly belonged to R. R. Jones, a common grantor.   Jones gave a security deed to the First National Bank of Waynesboro, covering the land in dispute, on January 5, 1921.   It was testified that Jones subsequently gave a second security deed to the American Agricultural Chemical Company covering the same land, though such second security deed was not introduced in evidence.   R. R. Jones created a timber lease on the timber on said land to the Waynesboro Planing Mill, a corporation.   This lease was recorded July 3, 1922.   In 1926 the Waynesboro Planing Mill transferred this timber lease to L. T. Pennington, the plaintiff in error in this case.   At the time of the execution of such timber lease it was shown that the First National Bank of Waynesboro consented to the sale of the timber to the planing mill, and it was further shown that the American Agricultural Chemical Company would not and did not consent to such sale except and unless one half the purchase price of the timber was paid to it.   The American Agricultural Chemical Company was paid the sum of $150 for its purported release of the timber, the same being a part of the amount realized by Jones, the common

grantor, for the execution of the timber lease to the planing mill. Jones failed to pay his debt to the First National Bank of Waynesboro, and on the 1st day of April, 1924, the American Agricultural Chemical Company became the purchaser of the fee-simple title to said land by reason of a sale of the same by the First National Bank of Waynesboro under the power of sale contained in the deed executed to it by Jones. On November 12, 1928, the Chemical Company executed a bond for title to the same land to A. Grady Dinkins, for a consideration of $3,250, of which $500 was in cash and the remainder represented by notes signed by Dinkins to the Chemical Company, the same being three notes of $950 each. This bond for title was, on December 8, 1928, transferred and assigned by A. Grady Dinkins to J. C. Palmer, the defendant in error in this court. No part of the purchase-price of said land has been paid by Palmer except the $500. Palmer testified: "I took hold of this place in December, 1928, and had a negro to cultivate 35 or 40 acres in 1929. The rest of the land was in woods, gulleys, and swamps. Only 35 or 40 acres were cultivated, and there is 440 acres in the place. No fence was around it." Palmer brought suit against Pennington for an alleged trespass in cutting 150,000 feet of timber on the wooded part of the 440 acres. Pennington claimed title by reason of the transfer of the timber lease made by R. R. Jones to the Waynesboro Planing Mill in 1922. Palmer claimed by reason of the bond for title from the American Agricultural Chemical Company which held title to the land by reason of the sale of the same under the power of sale executed by Jones, the common grantor, to the First National Bank of Waynesboro. The court charged the jury that Palmer was entitled to recover, and submitted to the jury the question of amount only. Verdict was rendered in favor of Palmer, and the case is before this court on exceptions to the order overruling the motion for a new trial.

■ "To maintain an action for trespass or injury to realty, it is essential that the plaintiff show either that he was the true owner or was in possession at the time of the trespass; and when he relies upon possession alone it must be actual possession of that portion of the tract upon which the trespass was committed." *Hefner* v. *Fulton Bag and Cotton Mills,* 39 *Ga. App.* 728 (148 S. E. 355) ; *Downing* v. *Anderson,* 126 *Ga.* 373, 374 (55 S. E. 184) ; *Ault* v. *Meager,* 112 *Ga.* 148, 150 (37 S. E. 185) ; *Whiddon* v. *Williams Lumber Co.,* 98

*Ga.* 700 (25 S. E. 770). Applying the above rule to the facts of the instant case, it was error for the court to instruct the jury that Palmer was entitled to recover. Palmer was not the holder of the legal title, and the major portion of the purchase-price was still unpaid. One may bring an action for trespass if he holds the legal title or if he is in actual possession of the portion of the land trespassed upon. Constructive possession is applicable only where one has the paper which purports to convey the legal title. A bond for title is only color of title, and unless possession had been held under it for a period of 7 years, no constructive possession could arise. The question of whether or not the plaintiff had actual possession of the land in controversy should have been submitted to the jury.

■ "A bona fide purchaser without notice, to be entitled to protection, must be so not only at the time of the contract or conveyance, but until the purchase money is actually paid. Actual payment of the purchase money is, in general, necessary to the character of a bona fide purchaser for a valuable consideration, and giving a security, or executing an obligation for payment, will not be sufficient." *Mackey* v. *Bowles,* 98 *Ga.* 730, 733 (25 S. E. 834) ; *Donalson* v. *Thomason,* 137 *Ga.* 848, 851 (74 S. E. 762) ; *Carter* v. *Pinckard,* 68 *Ga.* 817.

■ Recitals in a deed as to advertisement, time and place of sale, and the amount paid, being purely ministerial in their character, are prima facie correct. A purported deed containing such necessary recitals, together with the power of attorney which is claimed to be exercised, is admissible in evidence without further proof. See, in this connection, Civil Code (1910), § 5736.

■ Palmer, the plaintiff in the court below, is not entitled to recover unless he is the holder of the legal title or in actual possession of the land in dispute. Under the allegations and proof made in this case, if he were shown to be the holder of the legal title or in actual possession of the land in dispute, he would be entitled to recover, for the reason that the purported consent by the First National Bank of Waynesboro to the lease of this timber by Jones was without consideration and a mere naked promise. Palmer claims the right of possession in his petition under the First National Bank of Waynesboro, and not under the second security deed given by Jones to the American Agricultural Chemical Company. The First National Bank itself, if it had been the purchaser under the

exercise of the power of sale contained in the security deed from Jones to itself, would not have been estopped in 1929, from bringing an action for trespass against the successor in title to the Waynesboro Planing Mill. Neither its grantees nor assignees, if owners of title or in actual possession of the land trespassed upon, would be estopped. The charge of the court as to this feature of the evidence was correct. The judgment of the court below is reversed for the reason that the question of actual possession of the part of the land in controversy was not submitted to the jury.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*