## 23430. COLEMAN v. NAIL.

DECIDED APRIL 3, 1934.

*Saffold & Sharp, Harry A. Hodges, W. T. Burkhalter,* for plaintiff in error.

GUERRY, J. ■ W. A. Nail sued D. V. Coleman for causing a fire which burned over described lands of the plaintiff, causing damage in a named amount. The petition alleged that one Hayes was the overseer and agent of the defendant, "having general supervision" of the turpentine business of the defendant on land adjoining the land of plaintiff, and that said Hayes and other employees of defendant acting under Hayes, who was at the time acting as agent of the defendant, and within the scope of their employment, carelessly and negligently set out fire and caused to be burned certain woodlands, the ownership and possession of which was in plaintiff. The defendant made a general denial.

The court properly overruled the demurrer filed. The fact that an act itself may be criminal (burning the woods at a certain time of the year) does not relieve the employer of civil liability for damage caused thereby, when the act is done by his employees at his command or within the scope of their employment. The act of the employees in setting fire to the woods may be criminal on their part,

but such fact does not relieve the employer from liability for damage caused by such burning, when done at his instance or command, or in furtherance of his business. *Exposition Cotton Mills* v. *Sanders,* 143 *Ga.* 593 (85 S. E. 747); *Southern Ry. Co.* v. *James,* 118 *Ga.* 340 (45 S. E. 303, 63 L. R. A. 257); *Louisville and Nashville R. Co.* v. *Hudson,* 10 *Ga. App.* 169 (73 S. E. 30). Hayes, the foreman in charge of defendant's turpentine business testified: "On March 3, 1932, I was working at Mr. Coleman's still near Sheppard's bridge. I was working for Mr. Coleman. In the morning part of that day I burned off some of our timber on Mr. Harley's place. I burned the grass. That was near the land that was burned over for which Mr. Nail is now suing for damages. We finished burning that strip about 12 o'clock. We put the fire out before we left. There was no grass burning when we left. . . I was in charge of Mr. Coleman's turpentine work. I was his foreman. It is customary to burn the woods in the spring of the year. I had the fire secured before I left it. I was working for Mr. Coleman at the time I set this fire out." There was ample evidence from which the jury were authorized to find that the fire on the plaintiff's land was caused by setting out fire by Mr. Hayes. There was certainly ample evidence that the act of setting fire to the grass was done in the furtherance of his master's business. "Every person shall be liable for torts committed by his wife, and for torts committed by his child or servant, by his command or in the prosecution and within the scope of his business, whether the same be by negligence or voluntary." Civil Code (1910), § 4413. In *Barrett* v. *Southern Ry. Co.,* 41 *Ga. App.* 70 (151 S. E. 690), it was said: "A person who by his own act creates a fire on his premises is under a duty to owners of adjacent property to exercise ordinary care to prevent the spread of the fire to the adjacent property, and where he negligently fails to exercise this duty, and his negligence is the proximate cause of damage to the adjacent property, he is liable to the owner in damages therefor." In such an action, although the servant may have caused the fire and is subject to an action for damages, the right of action against the principal does not depend upon actual suit against the servant, although the master would not be liable unless the servant was liable.

"To maintain an action for trespass or injury to realty, it is essential that the plaintiff show either that he was the true owner

or was in possession at the time of the trespass; and when he relies upon possession alone it must be actual possession of that portion of the tract upon which the trespass was committed." *Hefner* v. *Fulton Bag and Cotton Mills,* 39 *Ga. App.* 728 (148 S. E. 355); *Pennington* v. *Palmer,* 46 *Ga. App.* 559 (168 S. E. 114), and cit. The plaintiff in the present case showed actual possession of the land in himself, irrespective of whether title was shown, and, under the pleadings and evidence on this point, this was sufficient to support a verdict.

■ Ordinarily, where land has been damaged by fire the measure of damages is the difference in the value of the land before the fire and after the fire, but in cases where no witness testifies to the value of the land as timbered before the fire and after the fire, but the general character of the land and the quality and quantity of timber thereon are shown by the evidence, and different items and amounts illustrating the loss are also shown, such evidence is sufficient to enable the jury to arrive at a just and reasonable estimate of the damage. *Southern Ry. Co.* v. *Herrington,* 128 *Ga.* 438 (57 S. E. 694). "Where there is a diminution in value of land caused by the negligent firing and destruction of growing timber thereon, the measure of damages is the diminution in the market value. In cases where growing timber, much of which is young and immature, is destroyed by fire as a consequence of a negligent tort, and there is no depreciation in the market value of the land by reason of the destruction of the timber, the measure of damages is the value of the timber destroyed in its then state as attached to the land on which it grew." *Western & Atlantic R. Co.* v. *Tate,* 129 *Ga.* 526 (59 S. E. 266). There was no evidence of the market value of the land before and after the fire, but there was evidence of specific items of damage sufficient to authorize the verdict rendered. No objection was made to the manner of proving damage, and the jury was authorized to accept the testimony as to the value of the items destroyed as being a depreciation in the value of the land by reason of the fire. These particular items which were valued aggregated the amount of the verdict, although no value was fixed in the evidence as to some of the property destroyed.

The special grounds of the motion for a new trial not dealt

54

with above are not meritorious, in view of what has been ruled. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*