33134. DAVIS, administratrix, *v.* ATLANTA GAS LIGHT CO.

Decided September 30, 1950. Rehearing denied October 19, 1950.

462

*Odum & Young, Franklin, Eberhardt & Barham,* for plaintiff.

*Moise, Post & Gardner, J. B. Copeland, Hugh E. Wright,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) Causes of action based on wrongful death survive in this State by virtue of statutory enactment (Code, Ch. 105-13) and allow recovery of the full value of the life of the decedent on behalf of the parties specified in the statute. Likewise, any pending action for the recovery of damages for homicide, injury to person or injury to property, does not abate. Code § 3-505. There is, however, no statute of this State applicable to causes of action, as distinguished from pending actions, for damage to property. The right to recover for injury to property rests primarily in the owner thereof, and may be assigned during the owner's lifetime (Code, § 85-1805) because of the fact that it is an injury to property and not an injury to the person. In this case the right of action was not assigned, and the owner of the property died on the day following the injury. Therefore, unless there is some provision of law under which the cause of action may survive, it must abate upon the death of the owner.

It has frequently been held that if a chose in action is assignable it will survive, and vice versa. See 1 Am. Jur. § 80; 1 C. J. S. p. 178, § 132; City of Milwaukee *v.* Boynton Cab Co., 201 Wis. 581 (229 N. W. 28, 231 N. W. 597). It is obvious that such a rule is not absolute. In this State causes of action for personal injury may not be assigned; nevertheless, by statute, the right of action vests in the spouse, parent, child or personal representative upon the death of the injured party, and is a form of the same cause of action. *Southern Bell Tel. Co.* v. *Cassin,* 111 *Ga.* 575 (36 S. E. 881). The contention of plaintiff's counsel to the effect that this cause of action will survive *merely because* it involves an assignable right is too broad to be conclusive.

In *Harbour* v. *City of Rome,* 54 *Ga. App.* 97 (187 S. E. 231), a suit by an administrator involving damage to realty during

the decedent's lifetime, it was held that if the case had been construed as sounding in tort the right of action would have abated upon the owner's death. That case, however, was based on a constitutional provision and held not to sound in tort. Two cases involving damage to personal property (*Leathers* v. *Raburn*, 17 *Ga. App.* 437, and *Administrators of Parrott* v. *Dubignon*, 1 *Ga. Dec.* 261, T. U. P. Charlton) will be discussed later. Aside from these cases there appear to be no Georgia decisions dealing with the survival of tort actions involving property rights, and it is necessary to search the common law to decide the question. "The common law of force prior to May 14, 1776, was adopted as the law of this State by the act of February 25, 1784, except where modified by statutes or not adjusted to the conditions or system of government existing here." *Harris* v. *Powers*, 129 *Ga.* 74 (58 S. E. 1038, 12 Ann. Cas. 475). The common law consists of the decisions of the courts of England and the Acts of Parliament as they existed at that time. *Tucker* v. *Adams*, 14 *Ga.* 548. It is further subject to modification by the construction which has been put upon it by the courts of our State, but, except for the cases noted, we find no construction of this point in our own decisions. Therefore, as stated in Hollett *v.* Wilmington Trust Co., 36 Del. 170 (172 Atl. 763), "The law with respect to survivability of actions for torts is to be determined by a reference to the doctrine stated by Lord Mansfield, the statute of Edward III and the statutory enactments of the State."

In Moore *v.* Backus, 78 Fed. 2d, 571 (101 A. L. R. 379), the court held as follows: "Whether his alleged causes of action survived to his administrators must be tested by the common law as supplemented by the early English statutes. For many centuries the maxim *actio personalis moritur cum persona* applied to all tort actions. In the fourteenth century, however, the English statute of 4 Edw. III c.7 was enacted, which limited and became a part of the common law. That statute is the basis of this controversy and reads as follows: 'Whereas in times past executors have not had actions for the trespass done to their testators, as of the goods and chattels of the same testators carried away in their life, and so such trespasses have hitherto remained unpunished; it is enacted that the executors

in such cases shall have an action against the trespassers to recover damages in like manner as they, whose executors they be, should have had if they were in life.' " This statute was liberally construed by the English courts, as pointed out in Moore *v.* Backus, supra. In the case of Sale *v.* The Bishop of Lichfield (1589), Owen 99, 74 Eng. Rep. 928, 101 A. L. R. 383, it was held to apply in an action for damages brought by an executor against one who had withheld a right of appointment to an archdeaconry, the court holding that the phrase *taking of goods* "is but by way of resemblance, and not that they shall have an action of trespass for taking of goods only."

It therefore appears that so far as injuries to *personalty* are concerned, the statute allowing to the executor of the injured party a right of action surviving the death of the owner has been construed both by the British courts prior to 1776 and by our Federal courts to refer to injury to personalty, tangible or intangible, and not as being limited to specific goods taken and carried away.

The statute of Edward III has been recognized and applied by our courts. In *Administrators of Parrott* v. *Dubignon,* supra (1809) the court held as follows: "It is settled by the case of Hambly *v.* Trot, Cowp. 371, that trover does not lie *against* an executor for a conversion by his testator. . . This is not, however, the law *e converso,* for the action of trover can be sustained *by* an executor for a conversion in the lifetime of the testator. This law is founded upon the stat. 4 Ed. 3, 7." If applicable to actions for conversion in this State, it is equally applicable to actions for damages, but to damages for injury to personal property only.

. As regards damage to real property (the injury to the house constituting the main item of damages in this case) there is, however, nothing in the common law, as there is nothing in our statute law, which will support such an action at law. The doctrine of Lord Mansfield above referred to (Hamby *v.* Trot, 1 Cowp. 374; 98 Eng. Rep. 1138) deals with the forms of action which survive as against executors of the *tort-feasor* and allows the survival of actions *ex contractu* but not of tort actions. It was not until 1833 that British law, by the statutes of William IV created rights of actions for damage to realty in favor of

executors of the testators who suffered the injury, and also created rights of action against executors of tort-feasors as to both real and personal property. Justice Nisbet, in *Neal* v. *Haygood*, 1 *Ga.* 514, pointed out this distinction. He further stated: "Upon principle, we see no reason why one who has been injured by the violence, or slander, or malfeasance, or omissions of another, should be deprived of redress because the wrong-doer happens to die before he can get it." In *Leathers* v. *Raburn*, 17 *Ga. App.* 437 (supra) the court held that where the petition showed that the suit was brought by the administrator of R. for alleged injuries to a horse, occurring during the lifetime of R., and that the owner had instituted no suit during his lifetime, the petition should have been dismissed on demurrer. As authority for the statement "injury to the person, or injury to property shall abate by the death of either party" the court cited *Frazier* v. *Ga. R. Co.*, 101 *Ga.* 77 (28 S. E. 662), and *Peebles* v. *Charleston & W. C. Ry. Co.*, 7 *Ga. App.* 297 (66 S. E. 953). These cases dealt with injuries to the person only. The rule as stated is correct, except for the single exception here involved, that executors of the party injured may bring suits for injuries to *personalty* although such injuries were inflicted in the lifetime of the testator, provided they are not barred by the statute of limitations. This being so, the request of counsel for the plaintiff that the decision in *Leathers* v. *Raburn*, 17 *Ga. App.* 437 (supra), be overruled insofar as it conflicts with this decision, is hereby granted. This is in conformity with the decision of *King* v. *Southern Ry. Co.*, 126 *Ga.* 794 (55 S. E. 965), which pointed out that the statute of 4 Edward III c. 6 modified this law in relation to suits involving personal property. But a distinction was drawn in that case as to personal injury actions, and it was there held that the common-law right of a father to recover for medical expenses to a minor child as a result of a tortious injury to his person was a chose in action which did not survive the death of the father. By the same reasoning, where a person is injured and thereby incurs medical expenses, a cause of action arises in such person for these expenses. It, too, is a chose in action which does not survive the death of such person.

Among the cases examined by the court as bearing, directly

or indirectly, on the questions here raised, are the following: *Sullivan* v. *Curling*, 149 *Ga.* 96 (1) (99 S. E. 533); *Brawner* v. *Sterdevant*, 9 *Ga.* 69; *Petts* v. *Ison*, 11 *Ga.* 151 (56 Am. D. 419); *Ellington* v. *Bennett*, 56 *Ga.* 158; *Faith* v. *Carpenter*, 33 *Ga.* 79; *Thompson* v. *Central Ry. Co.*, 60 *Ga.* 120; *Jones* v. *Lamar*, 77 *Ga.* 149; *Frazier* v. *Ga. R. Co.*, 101 *Ga.* 77 (supra); *Southern Bell Tel. &c. Co.* v. *Cassin*, 111 *Ga.* 575 (supra); *W. & A. R. Co.* v. *Bass*, 104 *Ga.* 390 (30 S. E. 874); *Smith* v. *Jones*, 138 *Ga.* 716 (76 S. E. 40); *Peebles* v. *Charleston & W. C. Ry. Co.*, 7 *Ga. App.* 279 (supra); *Sewell* v. *Atkinson*, 14 *Ga. App.* 386 (80 S. E. 862); *Callaway* v. *Livingston*, 28 *Ga. App.* 453 (111 S. E. 742); *Alexander* v. *Dean*, 29 *Ga. App.* 722 (116 S. E. 643); *Spence* v. *Carter*, 33 *Ga. App.* 279 (125 S. E. 883); *Hefner* v. *Fulton Bag & Cotton Mills*, 39 *Ga. App.* 728 (148 S. E. 355); *Royal* v. *Byrd*, 51 *Ga. App.* 397 (180 S. E. 520). *Petts* v. *Ison*, supra, and *Alexander* v. *Dean*, supra, are distinguished because of the fact that the statute of Edward III gave no right of action as against the *executor of the tort-feasor* for injuries to personalty. As pointed out in *Administrators of Parrott* v. *Dubignon*, supra, it did give a right of action in favor of the *executor of the injured party*. This suit, as previously pointed out, is for damages to the realty of the deceased, rent on the realty pending repairs, damages to the personalty of the deceased, medical expenses for the deceased between the time of the injury and the time of her death, and funeral expenses of the deceased. On account of the statute of Edward III modifying the common law prior to May 14, 1776, and becoming a part of our common law as adopted by this State, and on account of the English decisions liberally construing that statute, recovery for damage to the personal property may be had. On account of the statute of William IV being passed in England after our adoption of the common law, it did not become a part of the common law of this country, and there is in consequence nothing in our common law providing for the survival of causes of action for damage to realty to executors of the deceased owner thereof. Since there can be no recovery for the damage to the realty, there can be no recovery for loss of rental pending its repair, this being an item of special damage incident to the damage to the realty itself. The medical expenses being an item of special damage incident

to the recovery for the injury to the person, and there being no provision of our law for the survival of causes of action for injury to the person, and there being no such survivorship under the common law, recovery for medical expenses sued for here cannot be had. There being no provision of our law for liability in case of funeral expenses growing out of wrongful death, and there being no such right of action known to the common law, the funeral expenses sued for here are not recoverable.

It seems to us that reason and justice oppose the idea that there can be a recovery here for the damage to the personal property, but no right of action for any of the other items of damage for which this suit was brought. These, however, are matters beyond the reach of the courts and are, in our opinion, subjects for immediate legislative concern. As far back as *Brawner* v. *Sterdevant,* 9 *Ga.* 69, this inequity in our law was observed. Mr. Justice Lumpkin, speaking for the court and apparently lamenting the abatement of a cause of action similar in part to the instant case, said, "We have struggled hard to maintain this proceeding, but find it impossible to do so. The old common law maxim of *actio personalis,* notwithstanding the modifications made by the statute of Edward in relation to personal property and the still more recent act of 4 William, respecting real estate, still applies where a tort is committed to a man's person . ." It seems to us that where real property of a decedent is wrongfully destroyed the law should afford means for the estate's recovery; that where real property of a decedent is damaged, the law should afford means whereby the estate may recover the rental thereof pending repairs; that where a person is tortiously killed the law should afford means whereby the estate may be reimbursed for funeral expenses; that where a person is negligently injured and dies therefrom before suit may be brought, the law should afford means whereby the estate may be reimbursed for medical expenses incurred between the time of the injury and the time of the death. These inadequacies in our existing law, however, if they be such, cannot be supplied by the courts, and may only be corrected by the General Assembly.

A part of this petition sets out a cause of action for injury to personal property. A general demurrer to a petition should

not be sustained if any part thereof sets out a cause of action, and for this reason the judgment of the trial court sustaining the general demurrer and dismissing the petition was error.

Since the effect of this decision is to overrule *Leathers* v. *Raburn,* 17 *Ga. App.* 437 (supra), insofar as the same is in conflict herewith, this case is decided by the whole court in accordance with a part of the provisions of § 24-3501 of the Annotated Supplement to the Code of 1933 (Ga. L. 1945, p. 232).

*Judgment reversed. Sutton, C.J., MacIntyre, P.J., Gardner, Felton, and Worrill, JJ., concur.*